SEARLE *versus* PRESTON.

The lien, created by an attachment of real estate, is not limited to the amount, which the officer, in the writ, was commanded to attach.

Such a lien is commensurate with the judgment and the costs of levy, though the judgment exceeds the amount which the officer, by the precept of the writ, was commanded to attach.

Searle *v.* Preston.

ON REPORT.

WRIT OF ENTRY for a twenty-eight acre lot of land. One Withee owned it in 1837, and then conveyed it by a deed under which the demandant holds. Two days, however, before that conveyance the tenant attached all Withee's land lying within the county, by virtue of a writ, in which the *ad damnum* was set at $150, and the officer was commanded to attach property to the same amount. That action was pending nearly ten years. Judgment was recovered in 1847 against Withee for $125,43, debt, and $25,49, costs, making 92 cents more than the officer was commanded to attach. Upon the execution issued on that judgment, the tenant set off, at the appraised value of $164,29, the twenty-eight acre lot, excepting therefrom half an acre particularly described.

The case was submitted for a legal decision.

*J. S. Abbott,* for the demandant.

*E. Hutchinson,* for the tenant.

HOWARD, J. — Withee was owner of the premises, and the parties claim title from him ; the tenant by attachment and levy, and the demandant by deed subsequent to the attachment. The officer, serving the writ, was commanded to attach goods and estate to the value of one hundred and fifty dollars only. Judgment was rendered for the plaintiff in that suit, about ten years after its commencement, for $125,43, debt, and $25,49, costs. The levy was for $164,29, including the costs of the extent.

It is contended by the demandant, that the judgment was rendered for an amount greater than the *ad damnum* in the writ ; and that the levy, being for a sum greater than that required to be attached, was invalid. A plaintiff is restricted by the *ad damnum* in the recovery of damages, but not of costs. His judgment may be valid, although it exceed, in damages and costs collectively, the amount declared for, and laid in his declaration, if the damages alone do not exceed that amount. *Pilford's case,* 5 Coke's R. part 10, p. 115 ; 1 Chitty's Pl. 399. Attachments on mesne process are for the

security of the final judgments which may be recovered, and legal costs, incident to their enforcement and collection. That on which the tenant relies was upon all the real estate of the debtor, in the county, and created a lien upon the whole property, for the amount for which it could be legally held by the attachment, " as security to satisfy the judgment for damages and costs, which the plaintiff may recover," R. S. ch. 114, sec. 29, 30 ; or for which it could be taken on execution to satisfy the final judgment. Stat. 1821, ch. 60, sec. 1. In *Chickering* v. *Lovejoy,* 13 Mass. 56, this point was not material to the decision, and was not in fact decided. That case, therefore, does not sustain the positions taken by the demandant.

The levy under which the tenant claims, described a tract of land by metes and bounds, " containing twenty-eight acres, excluding the buildings, and one half acre of land on which they stand, laid out eight rods wide, and ten rods long, from the south-easterly line of the above 28 acres, and so as to include the buildings, — the north-easterly line running one rod north-east of the house."

To that portion of the demanded premises thus excluded, the demandant, having proved his title, can have judgment. R. S. chap. 145, sect. 13.