[Civil No. 681.   Filed November 1, 1899.]

[59 Pac. 103.]

THE GLENDALE FRUIT COMPANY, a Corporation, Defendant and Appellant, v. C. T. HIRST, Plaintiff and Appellee.

1. ACCOUNT—ASSIGNMENT—SUFFICIENCY—DUE-BILL. — Where due-bills were intended as, and were in form an assignment of the claims for which they were given, the assignee may maintain suit thereon.

2. MASTER AND SERVANT—TERMINATION OF RELATION—ACTION BY SERVANT AGAINST MASTER FOR WAGES DOES NOT NECESSARILY OPERATE AS.—While an employee by bringing suit puts himself in an antagonistic attitude to his employer which might be held to terminate the relation, the action of the employer in recognizing the employee as manager and superintendent and his performance of the duties,

after suit filed, operates to continue in force his contract, and entitles him to recover his salary at the agreed price.

3. ATTACHMENT—JUDGMENT—TO WHAT EXTENT ENFORCED.—It appearing that no intervening rights of third persons are injuriously affected thereby, it is proper to adjudge and foreclose a lien against property seized under a writ of attachment for the full amount of the judgment, though this amount be in excess of that set up in the affidavit of attachment, personal service being had upon the defendant.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Hamilton & Armstrong, for Appellant.

C. F. Ainsworth, for Appellee.

SLOAN, J.—The appellee, C. T. Hirst, brought suit in the court below against the appellant, the Glendale Fruit Company, a corporation, to recover the sum of $1,661.14, upon three several causes of action, on the fourth day of January, 1898, the first of which charged the defendant company with an indebtedness of $375, due for salary as manager and superintendent of the defendant company's fruit ranch, situate in the county of Maricopa, at the agreed and stipulated sum of $125 per month for the months of October, November, and December of the year 1897. The second cause of action charged an indebtedness in the sum of $1,199.75, due from the defendant in the action on account of various sums paid out and expended by the plaintiff in the action to various and divers persons at different times and dates, at the request of the defendant, between the first day of March, 1897, and the first day of January, 1898. The third and last cause of action charged an indebtedness of $116.39, due the plaintiff from the defendant for and on account of an assigned claim of Hatcher & Hurley, due for meats delivered to the said defendant company by said Hatcher & Hurley prior to the first day of January, 1898. At the time of the commencement of the action, the plaintiff, Hirst, made affidavit setting up the foregoing items of indebtedness due from the defendant, and

obtained a writ of attachment against the property of the defendant in the sum of $1,661.14, which said writ of attachment was thereupon levied upon certain personal property and certain real estate comprising the defendant's fruit ranch, all situate in said county and territory. On March 4, 1898, the plaintiff, Hirst, filed an amended complaint, in which his first cause of action was enlarged and extended so as to include a claim for salary at the agreed sum of $125 per month from the first day of October, 1897, up to the time of the filing of his amended complaint; and further setting forth that, in addition to said salary, the defendant company agreed to furnish him with a suitable house to live in with his family during the continuance of said contract. In the second cause of action, as set up in the amended complaint, the plaintiff charged an indebtedness in the sum of $2,135.59 for and on account of various sums paid by him at the instance and request of the defendant company for and on account of various sums due and owing from said defendant company to various persons at different times between the first day of December, 1896, and the time of filing said amended complaint. In his third cause of action set up in the amended complaint the plaintiff, Hirst, claimed an indebtedness due from the defendant to him in the sum of one hundred dollars for expenses incurred in plowing, cultivating, and taking care of defendant's fruit ranch between the first day of March, 1898, and the time of filing the amended complaint. The defendant company, in its answer, filed its general denial, and by way of further answer set up at various times after the first of December, 1896, up to the time of the filing of the answer, the plaintiff had sold and applied upon his alleged claim sufficient property of the defendant to pay off and discharge in full all claims and demands of the plaintiff against the defendant set up in plaintiff's amended complaint. The defendant, in its answer, set up specifically various amounts and sums received by the plaintiff out of the proceeds of the property of the defendant, amounting in all to the sum of $5,487.24; and further set up that various other sums and amounts should be so credited against the plaintiff and in favor of the defendant, which the defendant was unable to specify in detail for the alleged reason that the plaintiff had been in the exclusive charge, control, and possession of the

property of the defendant, and had concealed from the defendant his disposition of the same. By way of counterclaim the defendant set up in its answer that the plaintiff, Hirst, while in the possession and control of the fruit ranch of the defendant, and while pretending to act as superintendent and manager thereof, on or about December 14, 1896, received for account of the defendant a draft in the sum of $415.36, to be by him used and applied in the care and keeping of said ranch and property as directed by the defendant company; that the plaintiff, Hirst, neglected and failed to use and apply the same for the use of the defendant, and had failed and refused to account for or pay over and return the said sum to the defendant upon the request of defendant; on the contrary, had converted the same to his own use. And by way of a second and further counterclaim the defendant set up that between the first day of December, 1896, and up to and including the first day of March, 1898, the plaintiff was in charge of the defendant's fruit ranch and business, as superintendent and manager thereof; that between the first day of December, 1896, and the time of the filing of the answer, the plaintiff had disposed of the products of said ranch, and the property of the defendant situate thereon, and had collected various sums aggregating the amount of $5,071.88, and had failed, neglected, and refused to account to the defendant for said sums so received by him, or to pay over any of said sums so received to the defendant. The defendant prayed judgment against the plaintiff upon said counterclaims in the sum of $5,487.24. The cause was tried by the court without a jury, and judgment rendered for the plaintiff in the sum of $2,704.46. The judgment provided for the foreclosure of the attachment lien against the property levied upon under the writ of attachment for the full amount of the judgment, together with the costs of the action, of which amount the sum of $1,957.59, with $66.40 costs, was adjudged a lien on the personal and real property levied upon from the time of the levy, and the sum of $746.87 was adjudged a lien upon said property from the fourth day of March, 1898, being the date of the filing of plaintiff's amended complaint. The defendant company moved for a new trial, which was denied, and brings this appeal from the order denying said motion, and from the judgment rendered in the cause.

Numerous assignments of error are made by counsel for appellant in their brief. Among other matters, it is contended by appellant that the court erred in receiving testimony relating to certain items of the plaintiff's account which had not been paid by him, but for which he had merely given due-bills, and which items had not been assigned to him. An inspection of the record discloses the fact that these due-bills were intended as, and were in fact in form, such an assignment of the claims for which they were given as to give the plaintiff the right to maintain suit thereon.

It is also contended that the court erred in receiving evidence as to the services rendered by the plaintiff under his contract with the defendant company after the fourth day of January, 1898, when the original complaint was filed in the action, for the reason that the plaintiff in the action by thus bringing suit had put himself in an antagonistic relation to the defendant company, and had thereby terminated his agency and severed his connection with the company as its manager and superintendent. The testimony, however, tends to show that, notwithstanding the suit, plaintiff remained in charge of the ranch of the defendant company, and transacted the affairs of the company, with full knowledge on the part of the company, and received and carried out the instructions of the officers of the company with reference to the management and control of the fruit ranch and business of the defendant company, in the same manner and to the same extent as he had previous to the commencement of the action. Whatever otherwise, therefore, might have been the effect of the plaintiff's action in bringing suit, in terminating his relations to the company as its agent and superintendent, the action of the company and its officers in recognizing plaintiff as manager and superintendent of the ranch after his action, and his performance of the duties required by his contract as such manager and superintendent, operated to continue in force and effect his contract, and entitled him to recover salary at the agreed price.

It is also contended that the court erred in decreeing a lien by virtue of the attachment against the property of the company for the full amount of the judgment recovered, for the reason that this amount was in excess of that set up in the affidavit of attachment, and for which suit was originally

brought in the original complaint filed in the action. While it is undoubtedly true that, as between a judgment creditor and third persons who are creditors of the judgment debtor, no lien can be established and enforced in excess of the amount set up in the affidavit, and for which the writ is issued, an examination of the authorities has convinced us that the rule is otherwise where personal service is had upon the defendant in the action, and the judgment rendered upon the merits, and the interests of third parties are not affected thereby. The cases cited by counsel for the appellant are not in point. *Rowley* v. *Berrian,* 12 Ill. 199, was a case in which there was no personal appearance by the defendant, but judgment was rendered upon the amended complaint for a larger sum than that called for in the writ of attachment and declaration. The case of *Stewart* v. *Anderson,* 70 Tex. 588, 8 S. W. 295, was a case wherein the property of a non-resident of the state was seized under attachment, and no personal service had upon the defendant. In the latter case the court based its ruling that no judgment could be rendered nor any lien established in excess of the sum called for in the affidavit which was the basis of the writ of attachment, upon the ground that the attachment proceedings were necessary to give the court jurisdiction to render any judgment against the defendant or his property. In the present action the attachment proceedings were, under the statute, wholly ancillary, and no jurisdictional question is presented. Under the statute the officer serving the writ is required to seize and levy upon so much property of the defendant as may be necessary to satisfy the amount specified in the writ. In the absence of intervening rights and equities of third parties, in what way or in what manner can a defendant be injured should the court render judgment in excess of the amount specified in the affidavit of attachment and in the writ, and foreclose the lien of the attachment for the full amount of the judgment against the property so levied upon? We know of none. The authorities are ample to sustain the action of the court in adjudging and foreclosing a lien against the property seized under the writ of attachment for the full amount of the judgment, it appearing that no intervening right or equity of any third person is injuriously affected thereby. *Syracuse City Bank* v. *Coville,* 19 How. Pr. 385; *Searle* v. *Preston,* 33 Me. 214.

The remaining assignments of error we have considered, but none of them present reversible error. Judgment of the court below is affirmed.

Doan, J., and Davis, J., concur.