[Civil No. 3012. Filed June 30, 1931.]

[300 Pac. 951.]

E. A. HOUSE, Appellant, v. SMITH'S CASHWAY, INC., a Corporation, Appellee.

Messrs. Benshimol & White, for Appellant.

Mr. W. G. Gilmore, for Appellee.

LOCKWOOD, J.—Smith's Cashway Grocery Company, a corporation, of which W. E. Schwamm was the president, on or about April 1, 1930, owned and operated two grocery-stores in Douglas, Arizona, one of them being located at 1501 G avenue in said city. This store was operated under the name of "Smith's Cashway No. 2." On April 1, 1930, one H. A. House filed a complaint which was entitled "H. A. House, Plaintiff, vs. Smith's Cashway, Inc., a corporation, Defendant." The complaint alleged "that the defendant herein, Smith's Cashway, Inc., is a corporation existing under and by virtue of the laws of the State of Arizona, . . . " and then proceeded to set up a cause of action against said defendant for money loaned. A writ of attachment in said case was duly sued out and levied by the sheriff on the property described in the return of the writ as "all the merchandise and fixtures of Smith's Cashway, Inc., at 1501 G Avenue, Douglas, Arizona," and summons and copy of the complaint were properly served on W. E. Schwamm.

On the next day after the levy, the following bond was filed:

"In the Superior Court of Cochise County, State of Arizona. H. A. House, Plaintiff, vs. Smith's Cash-

way, Inc., Defendant. Bond on Release of Attachment.

"Whereas the above named plaintiff commenced an action in the Superior Court of Cochise County, State of Arizona, against the above named defendant, claiming that there was due to said plaintiff from said defendant the sum of Three Thousand Four Hundred One and $^{02}/_{100}$ Dollars ($3401.02), and thereupon, upon the application of the plaintiff, an attachment was issued out of said Court against the property of said defendant, and certain property and effects of said defendant have been attached and seized by the Sheriff of said county under and by virtue of said writ; and

"Whereas, the said defendant desires to have said property released from said attachment;

"Now, therefore, we, the undersigned, Smith's Cashway, Inc., as principal, and W. E. Schwamm and S. P. Applewhite, as sureties, acknowledge ourselves bound to pay to the above named plaintiff the sum of Six Thousand Eight Hundred Two and $^{04}/_{100}$ dollars ($6802.04), being double the amount of plaintiff's debt, conditioned that, on the release from said attachment of said property, if the plaintiff recover judgment in the aforesaid action, the defendant will satisfy any judgment which may be therein rendered against it or will pay the estimated value of said property released, with lawful interest thereon from the date of this bond.

"Witness our hands this 3rd day of April, 1930.
"[Signed] SMITH'S CASHWAY, INC.,
"W. E. SCHWAMM,
"S. P. APPLEWHITE."

Accordingly, on April 4th the sheriff released the attached property. On April 22d Smith's Cashway Grocery Company, a corporation, attempted to enter a special appearance for the purpose of moving that the service of summons in the action be set aside and vacated, and that the levy of the writ of attachment be quashed and the action dismissed. The reason alleged in the motion which was supported by the affidavit of Schwamm to that effect was that "Smith's

Cashway, Inc.," was not a corporation or a partnership or an individual; that the attached property belonged to "Smith's Cashway Grocery Company," a corporation, and the service of summons was made on W. E. Schwamm, who at the time of the service was the president and general manager of "Smith's Cashway Grocery Company," a corporation. The court heard the motion and vacated the writ of attachment and quashed the summons, and from said order this appeal was taken.

In determining whether the order appealed from was erroneous, we must first consider the effect of the bond in question. It unquestionably dissolved the attachment, and substituted for such attachment lien the security of the bond. *Doran* v. *Oasis Printing House, Inc.,* 24 Ariz. 475, 211 Pac. 562. It further, since the lien itself was dissolved, constituted a general entry of appearance. *Cincinnati etc. Ry. Co.* v. *Pless & Slade,* 3 Ga. App. 400, 60 S. E. 8; *First Nat. Bank of Arcadia* v. *Johnson,* 130 La. 288, 57 South. 930; *Winter* v. *Union Packing Co.,* 51 Or. 97, 93 Pac. 930.

The reason therefor is well set forth in the last-named case, wherein the court says:

"An application to the court to discharge an attachment on giving an undertaking, conditioned to pay any judgment that may be recovered in the action, may well be held to be an acknowledgment of the jurisdiction of the court over the person, and render a defendant liable to be proceeded against, as in case of personal service; but no such effect can be accorded a mere undertaking to redeliver the attached property or pay its value to the officer to whom execution upon the judgment recovered by the plaintiff in the action may issue. The one is an obligation to pay any judgment which may be recovered if the attachment is dissolved by the court, and the other is a mere engagement of the obligors to redeliver the property or pay its value to the officer, in case plaintiff should recover

judgment and execution should be issued thereon, and does not affect the lien of the attachment.''

While the bond in question was signed ''Smith's Cashway, Inc.,'' one of the sureties thereon was W. E. Schwamm, the president of ''Smith's Cashway Grocery Company,'' a corporation, and from his affidavit on file in this case the only reasonable assumption is that he signed, or authorized the signing of, the name ''Smith's Cashway, Inc.,'' to the bond for the purpose of releasing from attachment the property which was described in the bond as belonging to the defendant named in this case, and in the affidavit as belonging to ''Smith's Cashway Grocery Company.''

For the reason that under the facts in the case as they appear from the record appellee secured a dissolution of the attachment lien by claiming that it, under the name of ''Smith's Cashway, Inc.,'' was the owner of the attached property, and that by such action it entered a general appearance under such name, we are of the opinion that appellee is and was estopped, at the time of filing its motion to dismiss and quash, from claiming that its true name for the purposes of this suit was not ''Smith's Cashway, Inc.,'' and that it is bound upon the bond given under that name. *Dodd* v. *Butler,* 7 Mo. App. 583.

The order of the superior court of Cochise county is reversed and the case remanded for further proceedings in accordance with the views expressed herein.

McALISTER, C. J., and ROSS, J., concur.