400 P.2d 863

ED STEARMAN & SONS, INC., T.M.K. Construction Company and the Fidelity & Casualty Company of New York, Appellants,

v.

STATE of Arizona ex rel. UNION ROCK & MATERIALS CO., Appellees.*

No. I CA–CIV 5.

Court of Appeals of Arizona.

April 12, 1965.

Rehearing Denied May 18, 1965.

Review Denied June 15, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7411. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

McKesson, Renaud & Cook, Phoenix, for appellants.

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellees.

MELVYN T. SHELLEY, Superior Court Judge.

Appellant T.M.K. Construction Company, an Arizona corporation, hereinafter referred to as "T.M.K.", was awarded by the State of Arizona a contract to construct a portion of a highway project. T.M.K. subcontracted certain structural excavation, concrete and reinforcing steel work to defendant Ed Stearman & Sons, Inc., hereinafter referred to as "Stearman", and Stearman was supplied certain material by and rented certain equipment from appellee Union Rock & Materials Corporation, an Arizona corporation, hereinafter referred to as "Union Rock." Appellant, The Fidelity & Casualty Company of New York, hereinafter referred to as "Bonding Company", is the surety for T.M.K. upon a Performance Bond required of T.M.K. by the State of Arizona. Union Rock filed a Motion for Summary Judgment, which the trial court determined would be considered on the issue of legal liability of the bonding company under the bond only. That issue as raised by the pleadings concerned the extent of the obligation of the contractor (T.M.K.) and its surety (Bonding Company) to the supplier (Union Rock) of T.M.K.'s subcontractor (Stearman). T.M.K. and Bonding Company contend there was no such obligation. No evidence was introduced as to the extent of T.M.K's liability by virtue of its contract with the State of Arizona, but the Performance Bond required of T.M.K. by the State of Arizona was introduced, and therefore the summary judgment liability issue turned on whether the bond alone was sufficient to impose liability of T.M.K. and the Bonding Company to Union Rock as suppliers in the amount of any unpaid monies due Union Rock from subcontractor Stearman. Defendants T.M.K. and Bonding Company in resisting the Motion for Summary Judgment on the issue of liability set up two theories:

1. The bond does not inure to the benefit of the suppliers of a subcontractor, but is only to guarantee that T.M.K. fulfills its obligation as provided by its contract with the State of Arizona, which T.M.K. claims it did.

2. It is noted that the second theory set up on resistance to the Motion for Summary Judgment has been abandoned by T.M.K. and the Bonding Company and it is therefore not before this court.

The lower court found that the surety bond of Bonding Company inures to the benefit of respective plaintiffs to such extent and in such amounts as their claims might be provable by each plaintiff on his cause, subject only to the full penal amount of said bond. Therefore, the sole issue between T.M.K., Bonding Company and Union Rock is whether the bond inures to the benefit of plaintiff Union Rock.

The appeal also covered the defendant Stearman but the court notes that T.M.K. claimed that the judgment of the lower

court should be deleted as to Stearman, and the defendant Union Rock agreed in the brief to accept that offer, that is, to stipulate that the judgment of the lower court be amended to delete the judgment against Ed Stearman & Sons, Inc.

It is therefore ordered that the judgment of the lower court be amended to delete from the judgment that portion of the judgment against Ed Stearman & Sons, Inc.

The ground for appeal in detail is as follows:

"The Superior Court erred in granting plaintiff's Motion for Summary Judgment against the defendants T.M.K. and Bonding Company for the reason and upon the ground that plaintiff Union Rock was not in privity of contract with defendants T.M.K. or Bonding Company, and plaintiff Union Rock's judgment against the defendants T.M.K. and Bonding Company must rest on the provisions of the Performance Bond between defendant T.M.K. as principal and defendant Bonding Company as surety and the State of Arizona, and plaintiff Union Rock is an incidental beneficiary to such bond, and therefore not entitled to maintain an action upon the bond against defendant T.M.K. and Bonding Company."

This ground of appeal carries with it the incidental question of whether or not, if there is liability under the bond to the supplier of materials to the subcontractor, such liability is limited to the extent of the unpaid balance, if any, owing from the contractor to the subcontractor.

The pertinent portion of the bond is as follows:

"THE CONDITIONS OF THIS BOND ARE SUCH, *that if the principal herein * * * * *; shall promptly pay* all workmen's compensation, occupational disease and unemployment compensation premiums *and all laborers, mechanics, subcontractors and materialmen and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carrying on said work;* and shall promptly pay all just debts, dues and demands incurred in the performance of said work * * *". (Italics ours).

The principal, of course, was T.M.K. and the Bonding Company was the surety on the above bond.

In the case of Webb v. Crane Co., 52 Ariz. 299, 80 P.2d 698 (1938), the Arizona Supreme Court dealt with the question of the right of a supplier of materials to a subcontractor to sue and recover on a performance bond containing the same wording as that contained in the bond in the case at bar, as above quoted. Our Supreme Court said in Webb v. Crane Co. (P. 310, 80 P.2d p. 704):

"We are clearly of the view that the performance bond given by appellant was for the protection of those who labored or furnished material on the Addition to Taylor Hall, as well as the obligee mentioned therein, and was, therefore, a third party bond. (Citing cases). The following excerpt from the annotation in 77 A.L.R. p. 83 is a correct statement of the law:

" 'The right of laborers and materialmen to recover on a bond executed in connection with public works or improvements, where the bond contains a condition for their benefit and is *intended for their protection*, although the public body is the only obligee named therein, and there is no express provision that such third parties shall have any rights thereunder, is affirmed by the great weight of authority.' "

However, appellant contends that the better view is set forth in American Radiator & Standard Sanitary Corporation v. Forbes, 259 F.2d 147 (1958), from the 9th Circuit dealing with Arizona law. The American Radiator case does not refer to the Webb v. Crane Co. case at all, nor is any portion of the bond there in question set out in said case, although there is a por-

tion of the contract set out therein. In the American Radiator case the Federal Court said:

> "The bond on its face contains two defenses to this action: (1) that the Bonding Company shall indemnify the named obligee (the school district or the Board of Supervisors), and (2) *that third parties are expressly denied the right to sue thereon."* (Italics ours).

The bond in the Webb v. Crane Co. case had no express denial of third parties' right to sue thereon, and that probably is one of the chief reasons why the American Radiator case did not refer to the Webb v. Crane Co. case. The bond here in question contains no provision denying third parties the right to sue. Therefore, we fail to see where the American Radiator case is in any way contrary to the Webb v. Crane Co. case, and even if it were, the Webb v. Crane Co. case would control, as it is from the Arizona Supreme Court and is good law.

■ In the bond in question there is an express requirement that the principal shall promptly pay, among other things, the subcontractors' materialmen, with the only limitation being that the obligation shall not go beyond the penal sum of the bond. To hold that a supplier of materials to a subcontractor is only an incidental beneficiary, in view of such express language in the bond, would constitute the throwing out of a substantial portion of the express provisions of the bond by judicial order, which cannot be done. The general rule is that the terms of a bond issued by a paid surety shall be construed most strongly against the surety. American Radiator & Standard Sanitary Corporation v. Forbes (supra).

■ We, therefore, hold that the bond in question inures to the benefit of the supplier of a subcontractor and therefore to Union Rock.

■ With respect to the remaining question as to whether or not such liability is limited to the extent of the unpaid balance, if any, owing from the contractor to the subcontractor, the bond here in question reads further as follows:

> "We further agree that, should suit be brought to enforce the provisions of said contract and/or to recover on this bond and recovery be had thereon, to pay to the party so recovering a reasonable attorney's fee, and such fee shall be determined by the Court and allowed as part of the judgment of recovery, the total recovery, however, shall not exceed the penal sum above stated."

Thus, it appears clear from the wording of the bond that the only limitation is that the obligation shall not go beyond the penal sum of the bond. We therefore hold that liability to Union Rock as a supplier to a subcontractor is not limited to the unpaid balance, if any, from the contractor to the subcontractor, but is limited only to such amounts as Stearman owes to Union Rock as a supplier on the subcontract, but the total recovery of all claimants under the bond shall not exceed the bond's penal sum and in this case it is not contended that such claims exceed said penal sums.

The judgment of the lower court is therefore affirmed as against T.M.K. Construction Company and The Fidelity and Casualty Company of New York, and is reversed as per stipulation against the defendant Ed Stearman & Sons, Inc., with directions that as to the said Ed Stearman & Sons, Inc., the same shall proceed to trial in the lower court.

CAMERON, V. C. J., and DONOFRIO, J., concurring.

NOTE: Chief Judge Henry S. Stevens having requested that he be relieved from consideration of this matter, Judge Melvyn T. Shelley was called to sit in his stead and participate in the determination of this decision.