415 P.2d 120

Alan Philip BAYHAM, Appellant,

v.

MARYLAND NATIONAL INSURANCE COMPANY, a Maryland Corporation, Appellee.

No. I CA–CIV 247.

Court of Appeals of Arizona.

June 8, 1966.

Rehearing Denied July 1, 1966.

Review Denied Oct. 4, 1966.

Raymond Huffsteter, Phoenix, for appellant.

Harold Goldman, Phoenix, for appellee Maryland Nat. Ins. Co.

DONOFRIO, Judge.

This is an appeal from an order and judgment granting a motion to set aside the default judgment against a surety on a replevin (redelivery) bond.

Appellant, plaintiff below, a member of the Arizona Bar, on August 14, 1964, filed an action for attorney's fees in the amount of $3,501.19 against R. O. Kelly and Romeria Kelly, Kelly Development Co. Inc., Kelly Enterprises Inc., and Marks Inc. At the same time he filed an affidavit and a bond on attachment in the amount of the suit and a writ of attachment was issued. Upon serving the writ the sheriff attached a 1964 Cadillac automobile, the title to which was in Kelly Development Co. subject to a $7,204.15 lien in favor of Coulter Cadillac, Inc.

The next day, August 15, Kelly Development Co. obtained from appellee Maryland National, also referred to as the surety, a redelivery bond in the sum of $7,000, had it approved by the sheriff and retook possession of the Cadillac automobile.

On September 9, 1964, appellant filed an amended complaint retaining the original cause of action and adding two additional

causes of action. One of the new causes of action was based on debt in the sum of $2,700 for monies loaned to defendants, the other was based on conversion of a 1963 Oldsmobile automobile. The defendants accepted service of the alias summons and amended complaint on September 16, 1964.

On November 16, 1964, the defendants not having answered, the plaintiff entered a default against them. No notice of application for taking default judgment was ever served on the defendants or the surety. On December 22, 1964, judgment was taken against the defendants and Maryland National as surety on defendants' replevin (redelivery) bond for the sum prayed for in the three causes of action namely, $6,-885.23 and costs. The reasonable value of the Cadillac was fixed by the court at $6,-885.23. Defendants at no time sought to set aside the default judgment. On June 21, 1965 appellee moved to set aside the default judgment against it as surety. The motion was granted and this appeal followed.

■■■ Three crucial questions are presented which are determinative of the appeal. The first of these deals with the giving of notice and can be divided into two parts. The first being whether a three day notice prior to hearing an application for judgment by default under Rule 55(b), Rules of Civil Procedure, 16 A.R.S. is required to be given to the surety and is the failure to give such notice violative of the due process clause of the Federal Constitution, and the second being whether this three day notice should be given to the defendants and if so required what effect does the failure to give such notice have on the judgment against the surety.

The pertinent portion of Rule 55(b) supra reads:

"1. In all cases the party entitled to a judgment by default shall apply to the court therefor, * * *. If the party against whom judgment by default is sought *has appeared in the action,* he

or, if appearing by representative, his representative, *shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.*" (Emphasis supplied)

With reference to the first part of the question appellee contends that by posting the replevin bond it appeared in the action and was therefore entitled to receive the three day notice. As to the second part, it urges that since the defendants who obtained the bond and thereby appeared in the action were not served with the notice the default judgment was void and therefore the judgment against the surety based thereon is invalid. We now pass upon these questions.

Our court recently in General Ins. Co. of America v. Deen, 3 Ariz.App. 187, 412 P.2d .869 (1966), held constitutional as not violative of due process the procedure in the replevin statute A.R.S. § 12–1308. This statute is the counterpart of A.R.S. § 12–1536 in relation to the way the property is treated, each in its way making its own provisions for the return of the property or its value, or the satisfaction of the judgment. We believe the reasoning of this court in *Deen* with reference to A.R.S. § 12–1308 is equally applicable to A.R.S. § 12–1536. The constitutional issue as to whether it satisfies the ordinary due process requirements of notice and opportunity to be heard is also the same. In *Deen* our court quoted with approval from a Florida case, towit:

"In Evans v. Kloeppel, 72 Fla. 267, 73 So. 180 (1916), a statute similar to A.R.S. § 12–1308 was attacked as unconstitutionally violative of due process. The court said:

'The great weight of authority is to the effect that the surety by signing the undertaking becomes a quasi party to the suit and is held to have notice of all the proceedings thereafter in the suit that may affect his liability on the undertaking. "The statute was de-

signed to give a speedy remedy against those who, by becoming surety on such undertakings, have assisted another in depriving a party of his property." Richardson v. People's Nat. Bank, supra. [57 Ohio State 299, 48 N.E. 1100.] *The statutes do not do violence to the due process clause of the fourteenth amendment, because the surety by signing the undertaking, the condition and consequences of which are affixed by statute, enters the court for the purpose of contesting or aiding his principal in contesting a question in an action pending in the court and is thus deemed to have submitted himself to the jurisdiction of the court for all purposes of the action.* York v. [State of] Texas, 137 U.S. 15, 11 Sup. Ct. 9, 34 L.Ed. 604; Western [Life] Indemnity Company of Illinois v. Rupp, 235 U.S. 261, 35 Sup.Ct. 37, 59 L.Ed. 220.' (Emphasis added) 73 So. at 187." Deen, 412 P.2d 873.

Counsel have cited House v. Smith's Cashway Inc., 38 Ariz. 399, 300 P. 951 (1931) wherein our Supreme Court held that the filing of a replevin bond was an appearance by the defendant therein. The Court had before it the question of the validity of service against a defendant company erroneously named and reasoned that if the defendant secured a dissolution of an attachment lien by substituting a surety bond such action amounted to a general appearance giving the court jurisdiction and that defendant could not thereafter question the service by a special appearance. We are not called upon to apply the rule in *House* to the case at bar. The failure to give the notice does not render the judgment void but merely voidable. Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522 (1951); Nesbitt v. Nesbitt, 1 Ariz.App. 293, 402 P.2d 228 (1965).

█ The bond was posted pursuant to § 12–1536 A.R.S. which reads as follows:

"At any time before judgment, if the property is not previously claimed or sold, defendant may replevy the property or any part thereof *by giving bond to be approved by the officer who levied the writ, payable to plaintiff in double the amount of plaintiff's debt, or, at defendant's option, for the value of the property replevied as estimated by such officer, conditioned that defendant will satisfy the judgment which may be rendered in the action, or will pay the estimated value of the property with lawful interest thereon from the date of the bond."* (Emphasis supplied)

A reading of the statute indicates that the bond is posted to satisfy any judgment which may be rendered in the action, or to pay the estimated value of the property. It is in effect a substituted security for the property which is released at the time the bond is posted. Smith's Cashway, (supra).

A review of our statutes covering the subject of replevin and the few cases we have been able to find indicates that the surety on the replevin bond is not such a party to the action wherein the default judgment was taken to require the service upon it of the three day notice. In Servall Automotive Service v. McDuffie, 44 Ariz. 498, 38 P.2d 655 (1934) our Supreme Court held that the replevin bond given to release property in attachment proceedings is a substitute for the attachment lien with the attaching creditor looking to the bond for security to satisfy his judgment. The relation of suretyship grows out of the assumption of liability at the request of the defendant who may be liable for the payment of the judgment for which the surety binds itself to pay. The surety acts in an accessory or collateral capacity and generally is not involved in the issues between the parties. It leaves the conduct of the case to the defendant and is not permitted to contest the liability between the parties. Lindsey v. Williams, Tex.Civ.App. (1950), 228 S.W.2d 243; Lawyers Lloyds of Texas v. Webb, Tex.Civ.App. (1941), 154 S.W.2d 867. The judgment entered against the surety was not a judgment by default but was a judgment by summary action based

upon a default judgment entered against the principal.

There are, however, special instances where the surety may be considered a party, and in the absence of these special defenses arising out of particular circumstances whatever concludes the principal concludes the surety. In *Deen* this court quoted the following from 77 C.J.S. Replevin § 324 p. 232:

> "Statutes providing for proceedings by rule or motion for judgment and award of execution on the replevin or redelivery bond, after breach thereof, have been construed and applied; and where a judgment is rendered against plaintiff in replevin, it may at the same time be entered up against the sureties on his replevin bond, or at a subsequent time, *without further notice to the surety*. Such a proceeding, however, being a summary remedy, must conform to the statute in all material respects, and the judgment must be such as is authorized by law. (Emphasis added)" 412 P.2d 872.

Therefore, as to the question dealing with notice we hold that the procedures as followed under A.R.S. § 12–1536 were not violative of the Federal Constitution, that under Rule 55(b) (supra) the three day notice to defendants was required but that the failure to give such notice does not render the judgment void but only voidable upon a timely appeal, and that under Rule 55(b) the three day notice need not be given to the surety of the application for judgment against it on the bond.

We turn to the next question of whether the amendment of the complaint by the appellant (plaintiff) to include additional causes of action affects the judgment that was taken against the surety.

Appellee contends that appellant cannot take judgment against it as surety for $6,885.23 when the replevin bond was filed based upon the original complaint alleging an indebtedness of $3,501.19, an affidavit based thereon claiming an indebtedness of $3,501.19, and a bond on attachment filed in the sum of $3,501.19. We agree that the surety's liability cannot be increased for items or sums not set forth in the original complaint.

The bond posted by plaintiff on attachment was posted under A.R.S. § 12–1524 which reads:

> "Before issuance of a writ of attachment, plaintiff shall execute and file a bond payable to defendant *in an amount not less than the amount for which action is brought*, to be approved by the officer issuing the writ, conditioned that plaintiff will prosecute his action to effect and will pay all damages and costs as may be sustained by defendant by reason of the wrongful obtaining of the attachment." (Emphasis supplied).

We have been unable to find any Arizona cases directly in point and counsel have cited Petri v. Manny, 99 Wash. 601, 170 P. 127, 1 A.L.R. 1595 (1918) which we believe is persuasive. In *Petri* the original complaint was filed alleging three causes of action, a writ of attachment was issued and the surety filed an indemnity bond, allowing the defendant to retake the property. Thereafter, the plaintiff filed an amended complaint alleging three additional causes of action. At the trial, judgment was taken against the defendants and the surety on the three additional causes of action (the original three causes of action having been disposed of by the deposit of money on one and the dismissal of the others). The court held the judgment which involved the additional causes void as to the surety because the bond given to perform the judgment of the court merely contemplated such a judgment as shall follow from the causes of action pleaded at the time the bond was executed. In interpreting its statute the court said:

> "The intent of the statute clearly is that the bond given to perform the judgment of the court merely contemplates such a judgment as shall follow from the cause of action pleaded at the time of its execution. The defendant and his surety

could not be chargeable with having executed a bond to cover any greater liability than that existing at the time release of the attached property was sought. While the authorities hold that an amendment of the complaint to cure defects after the execution of such a bond would not defeat a right of recovery on the bond, they just as emphatically hold that such amendment of the complaint cannot subject the liability on the bond to the burden of any new causes of action brought in by way of amendment." 170 P. 129.

While the defendants in the action would not be injured or burdened by the foreclosure of an attachment lien for the larger judgment due to the added causes of action (Glendale Fruit Co. v. Hirst, (1899), 6 Ariz. 428, 59 P. 103) nevertheless, the surety would be. In the instant case we cannot find where the surety contemplated or agreed upon the additional causes of action and therefore should be released therefrom. We hold the amendment of the complaint by adding the new causes of action subsequent to the giving of the bond operates as a release of the surety upon such bond against that portion of the judgment based upon the new causes of action. As to the original cause of action which was carried over in the amended complaint and into the judgment there is no release. By this decision we do not mean to strictly limit a plaintiff to the allegations of his original complaint, or to overrule the law in this regard as stated in Connor Livestock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196 (1927).

▮ The final question to be considered is whether the appellee-surety is liable for more than the actual value of the interest of the defendant-owner in the property replevied. Appellee urges that at all times during attachment, replevy and judgment the value of the Cadillac was little or nothing because of Coulter's lien. It claims that it is not liable for more than the value of the automobile and that this value has never

been properly established. Therefore the judgment is invalid. We cannot agree.

As previously noted the bond was posted under § 12-1536. That part pertinent to the question reads:

"* * * by giving bond * * * in double the amount of plaintiff's debt, or, at defendant's option, for the value of the property replevied as estimated by such officer, * * *"

The statute provides defendants with an option of posting bond in double the amount of plaintiff's debt or for the value of the property replevied. The defendants chose to post the bond in double the amount of the debt and cannot now be heard to assert the value of the automobile as the limit of liability. The bond was posted in the round figure of $7,000 which is only $2.38 less than double the amount of plaintiff's debt. The officer levying the writ was not called upon as required by the statute to estimate the value of the automobile in order to fix the amount of the bond. Since the defendants chose the alternative of double the debt the issue of the value of the Cadillac was lost. The fact that the bond was $2.38 short of the double figure or that it was not clear in some of its language cannot be used to avoid liability. The general rule is that the terms of a bond issued by a paid surety shall be construed most strongly against the surety. Ed Stearman & Sons, Inc., v. State ex rel. Union Rock & Materials Co., 1 Ariz. App. 192, 400 P.2d 863 (1965); Lassetter v. Becker, 26 Ariz. 224, 224 P. 810 (1924). Where a bond is given under the authority of a statute, in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required. Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661 (1956). In order to limit liability on a redelivery bond to the value of the property replevied under § 12-1536, supra, it is necessary that the defendant exercise the option of requiring the officer who levied the writ to estimate the value of the property.

Reversed with direction to enter a judgment in favor of the plaintiff and against the surety for the sum due on the first cause of action. The judgment is otherwise affirmed.

STEVENS, C. J., and CAMERON, J., concurring.