423 P.2d 737

E. D. "Chips" HANSON, Appellant,

v.

MARYLAND NATIONAL INSURANCE COMPANY, Ben S. Hatten and Norma Jean Hatten, Western Mortgage and Midland Discount, Appellees.

No. 1 CA–CIV 340.

Court of Appeals of Arizona.

Feb. 16, 1967.

Rehearing Denied March 6, 1967.

Review Denied April 4, 1967.

Alan Philip Bayham, Raymond Huffsteter, Phoenix, for appellant.

Harold Goldman, Charles H. Ripps, Phoenix, for appellee Maryland Nat. Ins. Co.

DONOFRIO, Judge.

This appeal is from an order setting aside default judgment against Maryland National Insurance Company.

Plaintiff's complaint in the original action was filed August 17, 1964, and sought judgment against defendants Ben S. Hatten, Norma Jean Hatten and Western Mortgage Co. for a debt of $5600. At the same time plaintiff sought a writ of attachment and filed an affidavit and a $5000 bond on attachment. The writ of attachment issued against the defendants and was served on August 18, 1964, by the Sheriff who took into custody a 1964 Cadillac automobile. The following day defendants obtained a replevin (redelivery) bond from Maryland National for $6500 and after approval of the redelivery bond by the Sheriff, the automobile was returned to the defendants. On December 30, 1964, and again on January 20, 1965, default was taken and entered against all defendants. In each instance, counsel for plaintiff made the usual affidavit on default. The affidavit of January 20, 1965, however, contained the

added statement that defendants were not in military service. On February 2, 1965, plaintiff appeared before the Court and obtained a default judgment against the defendants in the sum of $5600. At the same time he obtained judgment against Maryland National as surety on defendants' redelivery bond on the Cadillac in the sum of $5600 which was fixed as the value of the automobile. No three-day notice before default judgment was given to any defendant or to Maryland National. On October 22, 1965, Maryland National moved to set aside the default judgment on the ground that it was void and in violation of due process of law. November 18, 1965, the Court granted the motion of Maryland National to set aside the judgment as to itself. At the same time, the Court, on its own, further ordered that the default judgment be set aside as to all the defendants. This appeal followed.

 The first two points raised are two points which were raised in the case recently decided by this Court of Bayham v. Maryland National Insurance Company, 3 Ariz.App. 405, 415 P.2d 120 (1966). The arguments are precisely the same and therefore our decision is the same. The procedures of A.R.S. § 12–1536 do not violate the U.S. Constitution. Under Rule 55(b), Rules of Civil Procedure, 16 A.R.S., the defendants in the action may have been entitled to the three-day notice, but the failure to give such notice does not render the judgment void, but voidable only upon timely appeal, and that under Rule 55(b), supra, the three-day notice of application for judgment on the bond need not be given to the surety.

Maryland National contends that the judgment is void because the bond on attachment was insufficient as to amount. Plaintiff's complaint alleged $5600, but the attachment bond was for only $5000. A.R.S. § 12–1524 requires,

" * * * a bond payable to defendant in an amount not less than the amount for which the action is brought, * * * "

The remedy for such a defect is in A.R.S. § 12–1525, subsec. A:

"A. Every attachment issued without the affidavit and bond shall be quashed on motion of defendant."

Defendants were faced with two courses of action when the property was attached. They could move to quash the attachment or they could post a replevin bond and get the property back. Brady v. Onffroy, 37 Wash. 482, 79 P. 1004 (1905) explains the reasoning:

"Therefore, under our law, a defendant in attachment has the option to first try the question of the regularity of the attachment, or to give the bond. If he elects to give the bond, which under our statute must provide for the performance of the judgment of the court, he thereby gains the advantage of an immediate release of the property and discharge of the attachment. But in lieu thereof, under the above authorities, the bond stands as security for any judgment that may thereafter he rendered against him in the action, and both he and his surety waive any right to attack the regularity of the attachment. * * * "

The Brady case was cited by the Supreme Court of Arizona in an analogous situation in which the defendant was held estopped from raising any question of regularity of attachment after a replevin bond was given. Connor Livestock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196 (1927).

 In House v. Smith's Cashway, Inc., 38 Ariz. 399, 300 P. 951 (1931), it was held that the attachment dissolves when the replevin bond is posted. It follows that if there is no attachment, then no longer is there any subject matter for an attack and insufficiency of an attachment bond will not defeat an action on a replevin bond.

 The final question is whether the default judgment was in excess of the value of the property and contrary to the conditions and limitations of the bond. A lien for $6,421.68 on the automobile existed at the time of attachment, and Prophet

Enterprises, Inc. was the title holder of record for the Cadillac. The choices of the surety are to give bond in double the amount of the debt or for the value of the property replevied, Bayham v. Maryland National Insurance Company, supra, or not to issue the bond. The surety chose to bond for the amount of the judgment or the value of the property. Under A.R.S. § 12–1536 the value is set by the estimate of the officer who levied the writ. Having chosen, the surety may not now attack its own choice and claim another value.

A title interest is not the only property interest which may be attached. The record does not show that defendants were without any interest. If defendants had no interest, then a motion to quash the attachment would have been proper. By posting a replevin bond, defendants admit some right in the property, even if it is only possessory. Defendants are therefore estopped to deny an interest.

A bond provides security for a plaintiff, so that he need not seek other property of the defendant to protect his prospective judgment. If an attachment were attacked at a proper time, then the plaintiff could seek other property of defendants for protection. Having posted bond and lulled plaintiff into taking no further action, neither defendants nor the surety may raise defects in attachment which could and should have been raised earlier.

Reversed with direction to reinstate the judgment in favor of the plaintiff.

CAMERON, C. J., and STEVENS, J., concur.