430 P.2d 431

**UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation, Appellant,**

v.

**STATE of Arizona and County of Yavapai, bodies politic, Appellees.**

No. 1 CA–CIV 523.

Court of Appeals of Arizona.

July 24, 1967.

86

Head & Head, Prescott, by Donald R. Head, for appellant.

Eino M. Jacobson, County Atty., of Yavapai County, for appellees.

STEVENS, Judge.

A judgment forfeiting a bail bond was entered against the surety. The surety's motion to set aside the judgment was denied, and the surety appealed.

Glenn Scott Thornton was charged with four counts of narcotics in an information filed in Yavapai County Criminal Cause No. 5793. That matter was before us on appeal and we reversed the cause by an opinion filed 26 October 1965, found in State v. Thornton, 2 Ariz.App. 125, 406 P.2d 843. Thereafter and on 4 April 1966 Thornton was released from custody upon the posting of a bail bond in the principal sum of $10,-000. The bond was regular on its face. The file before us contains a certified copy of a minute entry order dated 24 May 1966 in Criminal Cause No. 5793. The order contains the essential recitations and concludes by directing the issuance of a warrant for the arrest of Thornton and by forfeiting the bond.

On 6 June 1966, the County Attorney made a proper presentation to the court and

a formal written judgment of forfeiture in the sum of $10,000 was issued against the surety, the appellant herein. On 22 June 1966, the surety filed its motion to vacate the judgment. The motion was not supported by affidavits. Evidence in support of the motion was heard on the 11th and 20th days of July 1966. The motion was not favorably considered.

The surety urges that the procedures set forth in the Rules of Criminal Procedure, 17 A.R.S., in relation to bond forfeitures, the entry of judgment and the vacation of such judgment, deprive the surety of due process. These rules are discussed in the case of State v. Superior Court, 2 Ariz.App. 257, 407 P.2d 938 (1965) and the discussion will not be repeated here. Rule 74 of the Rules of Criminal Procedure authorizes the Superior Court to vacate a judgment of forfeiture "for reasonable cause shown". We are of the opinion that the principles in relation to bonds filed in civil cases apply equally to bail bonds in criminal cases insofar as the issue of due process is concerned. This issue was considered in Bayham v. Maryland National Insurance Company, 3 Ariz.App. 405, 415 P.2d 120 (1966) and in Hanson v. Maryland National Insurance Company, 5 Ariz.App. 122, 423 P.2d 737 (1967). In fact, there are more rights afforded to a surety in a bail bond situation than those afforded in a civil bond situation. While the surety on a civil bond has no means of being relieved of its obligation once it has undertaken that obligation, this privilege is afforded to the surety on a bail bond. Criminal Rule 61. It is a simpler task to keep abreast of developments in a criminal case than it is in relation to a civil case. In a criminal case the average potential time span of liability is substantially shorter than in a civil case. The testimony in the case now before us discloses that a short time before Thornton was scheduled to appear in the Superior Court on the specified trial date, the surety's agent was alerted to the possibility that he might not appear. We find no absence of due process.

The testimony on behalf of the surety in support of the motion to vacate the judgment discloses that the surety was informed as to the fact and place of Thornton's custody in the hands of officials in a sister state. No proof was presented to the trial court that this confinement was in relation to an offense committed prior to the time that Thornton was released on 4 April 1966. See State v. Superior Court, supra.

The surety urges that it is not bound by the bond, asserting that there was no authorization to issue the bond. It is necessary to review the surety's method of issuing bonds. Mr. and Mrs. Cooper engaged in the business of writing bail bonds under the name and style of Arizona Bail Bond Agency. They held proper powers of attorney from the surety. Commencing the year 1943, to the date of the hearing in 1966, they operated as a partnership. Mr. Cooper became ill and did not actively participate in the business after January 1963. Prior to Mr. Cooper's illness, he handled the firm's business in areas outside of the City of Phoenix and Mrs. Cooper limited her activity to the Phoenix area and to the supervision of the office. In 1960, Mr. Cooper entered into an agreement with Mr. and Mrs. Davis of Prescott, the County seat for Yavapai County. The agreement authorized either Mr. or Mrs. Davis to issue bail bonds although Mrs. Davis was the one who was to have the primary responsibility. Bonds, which were fully executed in blank and which did not require the signature of either Mr. or Mrs. Davis, were placed in their possession by the Coopers and kept by the Davises in their home. The bonds bore an endorsement on the face thereof.

"This bond should be void if in excess of the sum of $10,000 and 00 cts."

All that was needed to complete the bond for its presentation to a court for the purpose of effecting the release of a defendant was to insert the name of the defendant and other pertinent information. No additional signatures on behalf of the surety were required.

There was an agreement between the Coopers and the Davises that the Davises would not issue a bond in excess of $1,000 without first checking with the Coopers. There were also requirements of premium payments and posting of collateral. In the instant situation, Mrs. Davis was ill and Mr. Davis completed the bond form without first checking with Mrs. Cooper, or collecting the $1,500 premium or securing collateral. The fully executed bond was delivered to the Superior Court, approved by the Judge, and Thornton was released. Mr. Davis did not report his actions to Mrs. Cooper, he believing that Thornton would appear. When it became apparent that there was a likelihood that Thornton would not appear, about midnight on 23 May 1966, Mr. Davis first informed Mrs. Cooper. The evidence disclosed that in addition to the $1,500 premium on the bond in question, Mr. and Mrs. Davis were indebted to the Coopers for other bond premiums and, at the time of the hearing in question, Mr. and Mrs. Davis had delivered to the Coopers their promissory note in the sum of $3,800 for bond premiums not transmitted.

It is clear that the private agreement between the Coopers and the Davises was not known to the court. The surety, through the Coopers, created the situation whereby a person charged with a criminal offense could be released on bond without the payment of the bond premium and without collateral. It is apparent that the court acted in reliance on the face of the bond. Thornton was released. The Coopers made it possible for other persons to act to the prejudice of the Coopers and the surety. Where a party clothes his agent with authority to act, that party is bound even though the agents acts in excess of his authority. Canyon State Canners, Inc. v. Hooks, 74 Ariz. 70, 243 P.2d 1023 (1952).

The order denying the motion to vacate the judgment of forfeiture is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.