536 P.2d 1051

**Frederick J. GEARING and International Fidelity Insurance Company, Appellants,**

v.

**STATE of Arizona, Appellee.**

**No. I CA–CIV 2727.**

Court of Appeals of Arizona, Division 1, Department A.

June 24, 1975.

Debus, Busby & Green, Ltd. by Larry L. Debus, Phoenix, for appellants.

Moise E. Berger, Maricopa County Atty, by Albert I. Firestein, Deputy County Atty., Phoenix, for appellee.

OPINION

DONOFRIO, Judge.

The appellant insurance company asserts that it was denied due process of law in violation of the United States Constitution due to the fact that it was not notified by the Maricopa County Attorney's office of the forfeiture of a bond it had posted for appellant Gearing when Gearing failed to appear for his trial in a criminal action charging him with embezzlement.

The insurance company had posted a $3,500 bond to effect the release of Gearing on the criminal charge. Trial was set for January 24, 1972. Gearing did not appear at trial, therefore his bond was ordered forfeited by the court by minute entry on that date. Gearing's counsel was present on the trial date but could give no reason for his client's absence. A warrant for his arrest was issued. On March 1, 1972 the County Attorney's office filed a request for the court clerk to docket and enter the judgment of forfeiture. On the same date the insurance company was served with a copy of the request. On March 29, 1972 the court vacated its prior order forfeiting the bond and allowed appellant until May 1, 1972 to produce the defendant Gearing. Defendant Gearing was not produced, and on May 18, 1972 the County Attorney's office moved to have the bond forfeited. Final judgment of forfeiture was entered on August 14, 1972.

The 1956 Arizona Rules of Criminal Procedure were the effective rules governing this action. Rules 70 through 75 are the rules applicable to bond forfeiture. Rule 70 provides that the court where the cause is pending shall declare the bond forfeited when there is a breach of the undertaking. Rule 72 allows the defendant or surety to satisfactorily explain

to the court the reason for breach of the undertaking within 10 days after the forfeiture is declared and thereby convince the court that it should discharge the forfeiture. Rule 73 is the method provided for the County Attorney to enforce a forfeiture declared earlier and is not primarily for the benefit of the surety. Rule 73 does have language to the effect that the County Attorney "shall" proceed "immediately" after the 10-day period provided in Rule 72 to collect the penalty for forfeiture of the undertaking, but it is our opinion that this rule is not for the surety's benefit but is a summary proceeding to collect the county's debt. This rule is one of the few places in our laws where a court clerk can perform a quasi-judicial act in entering a civil money judgment based on an order of forfeiture by the court. But it is still merely a procedural device furnishing a summary method of enforcing an existing obligation that has been acknowledged by the execution of the bond. United States Fidelity & Guaranty Co. v. State, 65 Ariz. 212, 177 P.2d 823 (1947).

After the judgment of forfeiture has been entered by the clerk of the court as provided in Rule 73, the surety is allowed an additional twenty days under Rule 74 to show reasonable cause and have the judgment set aside on terms as are just, and the forfeiture will be set aside also if it is shown that there was no breach of the undertaking.

■ At the outset we note that there is no notice requirement anywhere in the Criminal Rules concerning bond forfeiture whereby the County Attorney's office is required to notify the surety of the bond forfeiture on the failure of the defendant to appear at trial. The surety in its undertaking agrees with the state to produce the defendant at the necessary court appearance or pay the penalty in the amount of the bond. We think it is the surety's duty to keep informed of the defendant's whereabouts and his required court appearances or suffer the consequences.

■ Generally, principles in relation to bonds filed in civil cases apply equally to bail bonds in criminal cases insofar as the issue of due process in relation to forfeitures is concerned. United States Fidelity and Guaranty Company v. State, 6 Ariz. App. 85, 430 P.2d 431 (1967). It is also the rule in our state that a proceeding for forfeiture of a bail bond is a substitute for a civil suit by the County Attorney for breach of contract on the bail bond undertaking by the surety, even though the suit arises out of a criminal proceeding. State ex rel Ronan v. Superior Court, 96 Ariz. 229, 393 P.2d 919 (1964).

In the case of Bayham v. Maryland National Insurance Company, 3 Ariz.App. 405, 415 P.2d 120 (1966), it was held that the failure to give notice to a surety in a civil case involving a replevin bond forfeiture was not violative of the due process clause of the Federal Constitution. We would apply that holding to the instant case as well. The court in the *Bayham* case cited the case of Evans v. Kloeppel, 72 Fla. 267, 73 So. 180 (1916) for the rule that a surety by signing an undertaking is charged with notice. See also 8 Am.Jur. 2d, Bail and Recognizance, § 153. Although the *Evans* case as well as the *Bayham* case involved a civil action, we hold that the rule applies as well to forfeiture of a bail bond resulting from a criminal action. United States Fidelity & Guaranty Co. v. State, supra. In the instant case it was the duty of the surety to keep itself informed of subsequent proceedings in the criminal action. See Isrig et al. v. United States, 109 F.2d 131 (4th Cir. 1940); 8 Am.Jur.2d, Bail and Recognizance § 153; Rule 46(e)(3), Federal Rules of Criminal Procedure.

We are cognizant of the new Criminal Rule 7.6, Arizona Rules of Criminal Procedure, 17 A.R.S., which provides for a hearing within ten days before a bond can be declared forfeited. Arguably this new rule provides for a form of notice to the surety before a forfeiture can be declared, but we must of necessity base our holding in the instant case on the judicial interpretation of the old criminal rules in effect at the time this action was commenced. (The

new Rules of Criminal Procedure became effective on September 1, 1973.)

The appellant insurance company has been unable to show any prejudice in the failure of the County Attorney to give it notice of the bond forfeiture, or the County Attorney's 26-day delay in filing the first judgment of forfeiture. In fact, the insurance company was given one additional 33-day period in which to satisfactorily explain the absence of defendant Gearing, and the County Attorney delayed filing its second motion for judgment until 18 days thereafter.

We therefore hold that the appellant insurance company was not denied due process of law under the Federal Constitution for the reason that the state was under no obligation to provide notice of the forfeiture when the defendant Gearing failed to appear at trial.

Affirmed.

OGG, P. J., Department A, and FROEB, J., concur.