393 P.2d 919

STATE of Arizona ex rel. Charles N. RONAN, County Attorney of Maricopa County, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Maryland National Insurance Co., a Maryland corporation, real party in interest, Respondents.

No. 8340.

Supreme Court of Arizona,

En Banc.

June 25, 1964.

Charles N. Ronan, County Atty. of Maricopa County, Courtney L. Varner, Deputy County Atty., Phoenix, for petitioner.

Louis L. Zussman, Phoenix, for respondents.

LOCKWOOD, Vice Chief Justice.

The State of Arizona, on the relation of Charles N. Ronan, Maricopa County Attorney, instituted this original proceeding in certiorari against the Superior Court of Maricopa County and Maryland National Insurance Company to test the jurisdiction of that court to vacate a bond forfeiture.

This matter arose out of a criminal action against Foster Burchett, charging him with the crime of forgery. His preliminary hearing was set for June 5, 1963, in the Justice Court of West Phoenix Precinct, Maricopa County. On May 23, 1963, he was released on a bail bond posted by Maryland National Insurance Company as surety in the amount of one thousand dollars, undertaking his appearance at such hearing. He did not appear and the justice of the peace ordered the bond forfeited.

Pursuant to Rule 73, Rules of Criminal Procedure, 17 A.R.S. the county attorney filed a certified copy of the forfeiture order with the clerk of the superior court and judgment was entered thereon by the clerk on June 17, 1963. Within twenty days thereafter, counsel for the surety filed in

the superior court a motion to set aside forfeiture and exonerate the bond which was granted by the superior court judge on October 30, 1963. The county attorney then moved to vacate this order on the ground that the superior court had no jurisdiction to set aside a judgment based on a bond forfeiture order of the justice court. This motion was overruled and the state filed a petition for certiorari, contesting the jurisdiction of the superior court.

The county attorney's argument is based on the wording of Rule 74, Rules of Criminal Procedure, which reads as follows:

> *"Remission of forfeiture.* After the entry of judgment on the undertaking as provided for in Rule 73, *the court directing the forfeiture* may for reasonable cause shown within twenty days set aside the judgment wholly or in part upon such terms as are just, and shall set aside the forfeiture if it appears that there was no breach of the undertaking." (Emphasis supplied.)

It is contended that exclusive jurisdiction is vested in the justice of the peace to order the forfeiture set aside because the rule states: " * * *, the court directing the forfeiture may * * * set aside the judgment * * *." The county attorney maintains that since the justice of the peace ordered the bond forfeiture the superior court has no jurisdiction to vacate the judgment based on this order because the superior court was not the court directing the forfeiture.

Rule 73, Rules of Criminal Procedure, provides that such a forfeiture is enforced by the county attorney filing a certified copy of the forfeiture order with the clerk of the superior court of the county wherein such order was made. Rule 73 then requires that the clerk docket the order and enter judgment against the person bound by the undertaking for the amount of the penalty.

■■ It has generally been held that a proceeding for forfeiture of bail is civil in its nature even though it originates in a criminal proceeding. People v. Wilcox, 53 Cal.2d 651, 2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174; State v. Baker, 247 Iowa 1224, 78 N.W.2d 411; State v. Haverstick (Mo.) 326 S.W.2d 92, 75 A.L.R.2d 1422. 8 Am.Jur.2d, Bail and Recognizance § 140; The action herein merely amounts to a substitute for a civil suit by the state for $1,000 resulting from a breach of contract. Jurisdiction of the cause of action lies in the superior court not only because Rule 73 requires a judgment be obtained from that court but also by virtue of the fact that the amount involved exceeds the jurisdiction of the justice court. A.R.S. § 22–201, subd. B.

When the county attorney seeks to enforce the forfeiture he invokes the jurisdic-

tion of the superior court by obtaining a judgment of such court in the manner prescribed. By the very fact that he is seeking to enforce this judgment he is contending that it is a valid judgment. Such being the case, the county attorney is inconsistent in claiming that court has no jurisdiction to vacate its own judgment under Rule 59 (a), Rules of Civil Procedure, 16 A.R.S. This court has said, "* * * it is very generally held that where a party invokes the jurisdiction of a court in a matter within the scope of its general jurisdiction, he may not thereafter question the jurisdiction." Blair v. Blair, 48 Ariz. 501, 507, 62 P.2d 1321.

The action to enforce the forfeiture is an original civil action in the superior court. Regarding the superior court's original jurisdiction, we stated in In re Adams, 19 Ariz. 237, 240, 168 P. 641:

"The superior courts have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court. Section 6, art. 6, State Constitution. The jurisdiction so declared to reside in the superior courts is not taken away from such courts by a statute declaring that some other court shall have jurisdiction over such cases, unless the statute declares and vests jurisdiction exclusively in such other court, which our statutes

have not done with regard to the matter here involved."

In this case, the matter was within the exclusive jurisdiction and control of the superior court from the time the county attorney filed the certified copy of the forfeiture order with the clerk of the superior court. From that point on, the justice of the peace would be powerless were it not for the wording of Rule 74 which confers on the justice court limited powers to set aside the forfeiture. The judgment itself being within the exclusive jurisdiction of the superior court can only be set aside there. If, in the instant case, a motion had been filed in the justice court to set aside the judgment under Rule 74, the order of the justice could only have been operative as to the forfeiture order. It would then have been necessary to file a motion in the superior court to modify the judgment based on the subsequent order of the justice court.

Having determined that the superior court had the power to vacate the judgment, there only remains the matter of whether that court exercised such power within the bounds of its jurisdiction. A.R.S. § 12–2001; State ex rel. Ronan v. Superior Court, 95 Ariz. 319, 390 P.2d 109; Miller v. Superior Court, 88 Ariz. 349, 356 P.2d 699.

The record before us indicates that in the court below the respondent Maryland

National Insurance Co. based its motion to vacate the forfeiture solely on the ground that the arrest of Foster Burchett by the Federal Bureau of Investigation on June 7, 1963, and his subsequent detention in Nebraska, made it impossible for him to surrender himself to the superior court. In granting this motion the court would have to find that such was reasonable cause for the non-appearance. While there are circumstances, which when proved, would be valid grounds for vacating the judgment of forfeiture, this is clearly not one of them. Burd v. Commonwealth, Ky., 335 S.W.2d 945; Ward v. State ex rel. Carmen, 200 Okl. 51, 196 P.2d 856, 4 A.L.R.2d 436; 8 C.J.S. Bail § 97.

There being no reasonable cause shown, within the contemplation of Rule 74, the superior court was without jurisdiction to vacate, modify or suspend the judgment of forfeiture. Until such a showing was made the court was powerless to exercise its discretion.

The October 30, 1963, order of the superior court is hereby set aside as being contrary to law and in excess of the court's jurisdiction and the previous judgment of forfeiture is reinstated.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN, and JENNINGS, JJ., concurring.