407 P.2d 938

STATE of Arizona ex rel. Robert K. COR-
BIN, County Attorney for Maricopa
County, Petitioner,

v.

SUPERIOR COURT of the State of Arizona
IN AND FOR the COUNTY OF MARI-
COPA, Charles C. Stidham, Judge of the
Superior Court, Ronald Hopwood, and
Maryland National Insurance Co., a Mary-
land corporation, real party in interest, Re-
spondents.

No. 1 CA–CIV 130.

Court of Appeals of Arizona.

Nov. 10, 1965.

See also, 407 P.2d 943.

**258**

———◆———.

Robert K. Corbin, Maricopa County Atty., by John A. Golden, Deputy County Atty., for petitioner.

Harold Goldman, Phoenix, for respondents.

STEVENS, Chief Judge.

The matter under consideration relates to the propriety of a trial court order vacating a bond forfeiture in a criminal case wherein it appears that the defendant has committed an offense and has been con-victed, sentenced and confined in a sister jurisdiction while on bond pending trial. This is one of five allied cases pending in this Court. The issues herein differ from the issues in the other four and a separate opinion is being written for each of the two fact situations.

Ronald Hopwood was bound over to the Superior Court after a preliminary hearing and on 5 April 1963, an information was filed charging him with the offense of robbery, a felony. On that date he was released in relation to this cause on the posting of a surety bond in the principal sum of $5,000. On his arraignment, he entered a plea of not guilty and his case was set for trial for 13 May 1963. When this case was called on 16 May, Hopwood was absent and the bond was ordered forfeited. He personally appeared in court on 17 May and the forfeiture was set aside, the bond was reinstated and the case was again set for trial. As later appears, the date of 16 May is one of significance. The trial date was continued to the 10th day of June 1963 and due to the crowded condition of the calendar, the case was called for trial on the 12th day of June. Hopwood did not appear and the court entered the following minute entry order:

ORDERED forfeiting bond and issuance of Bench Warrant."

At this time Hopwood was in custody in Phoenix (the county seat of the court wherein the charge was pending) in the hands of the F.B.I. in relation to a federal charge in Oklahoma and he was later transferred to Oklahoma.

■ On the 19th day of June the surety moved to set aside the forfeiture and to exonerate the bond urging that Hopwood was in federal custody in Phoenix. The hearing on the motion was continued and the same was heard without an intermediate order staying or suspending the operation of the order of forfeiture. In our opinion, the absence of such an intermediate order does not effect the final determination of this cause. On the 25th of June, pursuant to a

formal request by the County Attorney, the Clerk of the Superior Court docketed a certified copy of the 12 June minute entry as a judgment. When the motion of the 19th of June came on for hearing on 10 July, the court entered the following order:

"IT IS ORDERED setting aside the forfeiture of bond.

"FURTHER ORDERED staying forfeiture until ten days after defendant's release from Federal custody. FURTHER ORDERED directing the sheriff to notify the appropriate athorities (sic) of the outstanding bench warrant."

On 22 January 1964 the County Attorney moved the court for an order vacating the 10 July order supporting the motion with an exemplified copy of each of two convictions entered on the 16th day of October 1963 in the United States District Court for the Western District of Oklahoma being convictions following pleas of guilty by Hopwood and which convictions carried successive sentences. The documents further disclosed that Hopwood had been surrendered to the custody of the Warden at Leavenworth. It appears in matters before this Court, which are not contested as to accuracy, that one of these offenses had been committed by Hopwood on 16 May in Seattle, Washington and the other on 17 June in Oklahoma City, Oklahoma, while he was out on bond in connection with the case now under consideration. On 6 April 1964, the court entered an order denying the motion to vacate the 10 July 1963 orders. On the 8th day of July 1964, the County Attorney made an additional motion directed to these orders based upon the Arizona Supreme Court opinion of 25 June 1964 in the case of State ex rel. Ronan v. Superior Court, which case is reported in 96 Ariz. 229, 393 P.2d 919. This case is frequently referred to as the "BURCHETT" case in that Burchett was the defendant in that criminal action. Such reference may be confusing for the reason that the case is not indexed under that name,

consequently, we will refer to the case in this opinion as Ronan.

The presentation of the 8 July motion was delayed and the order entered in relation thereto was entered on 29 January 1965 and is as follows:

"The Court is of the opinion that its previous orders of July 10, 1963, were in conformance with the generally accepted practice and with the law as it was generally understood to be at that time, and that the Defendants and their sureties were entitled to rely thereon in their business practices.

"IT IS FURTHER the opinion of the Court that the Arizona Supreme Court decision dated June 25, 1964, in the Matter of the State of Arizona v. Superior Court, 393 P.2d 919, was not intended to be effective retroactively.

"IT IS FURTHER the opinion of the Court that the Motion to Vacate came at a time when this Court had lost all jurisdiction.

"IT IS THEREFORE ORDERED, denying the County Attorney's Motion to Vacate."

Shortly thereafter, the County Attorney filed his petition for a Writ of Certiorari or in the alternative, for a Writ of Mandamus filing the same in this Court and after an informal hearing, we issued a Writ of Certiorari following the procedure in Ronan. It is urged that Certiorari is not the proper remedy and that appeal is the proper remedy under Section 12–2101 A.R.S This section was recently amended in a manner not material to the issues here involved. Section 12–2101 relates to "Judgments and orders which may be appealed" and said section contains the following subparagraphs:

"D. From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken.

"E. From a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment."

The matters which we are considering are governed in part by the Rules of Criminal Procedure and in part by the Rules of Civil Procedure. As was stated in Ronan, page 231 of Arizona Reports, 393 P.2d p. 920:

"It has generally been held that a proceeding for forfeiture of bail is civil in its nature even though it originates in a criminal proceeding. * * * The action herein merely amounts to a substitute for a civil suit by the state for * * * (the principal sum of the bond) * * * resulting from a breach of contract."

 The Rules of Criminal Procedure govern the entry of the forfeiture. Criminal Rule 48, 17 A.R.S. relates to the form of the undertaking and requires that the form include an undertaking that the defendant "* * * will not depart without leave ⌐ * *". Criminal Rule 52 expresses certain of the obligations which the defendant and his surety undertake as follows:

"* * * [T]he condition of the undertaking shall be that he will appear to answer the charge before the court in which he may be prosecuted * * * and will not depart without leave."

The 12 June 1963 order of forfeiture was entered pursuant to Criminal Rule 70 which Rule is as follows:

"*Forfeiture of undertaking*

If there is a breach of the undertaking, the court where the cause is pending shall make a record thereof and shall declare the undertaking, and any money or bonds that have been deposited as bail, forfeited."

Criminal Rule 72 authorizes the court to discharge the forfeiture:

"If, at any time within ten days after the undertaking has been forfeited, the breach of the undertaking is satisfactorily explained, and the defendant has in all other respects complied with the condition of the undertaking * *."

The 19 June 1963 motion of the surety was an attempt to comply with Rule 72. The enforcement of the forfeiture not having been stayed pending the hearing on the 19th of June motion, Criminal Rule 73 was invoked by the County Attorney which Rule states in part:

"If the forfeiture is not discharged as provided in Rule 72 * * * [t]he county attorney shall file a certified copy of the order * * * forfeiting the undertaking in the office of the clerk of the superior court of the county * * * and thereupon the clerk shall docket the order and enter judgment against the person bound by the undertaking for the amount of the penalty thereof, and execution shall be issued * * *".

Criminal Rule 74 is as follows:

"*Remission of forfeiture*

After the entry of judgment on the undertaking as provided for in Rule 73, the court directing the forfeiture may for reasonable cause shown within twenty days set aside the judgment wholly or in part upon such terms as are just, and shall set aside the forfeiture if it appears that there was no breach of the undertaking."

It appears that the trial court must have construed the 19 June motion as complying with Rule 74.

Civil Rule 54, 16 A.R.S. defining judgments states in part:

"'Judgment' as used in these Rules includes a decree and an order from which an appeal lies."

Prior to the 31st day of October 1961, Civil Rule 58(a) authorized the entry of a civil money judgment by minute entry order

whereas after the amendment said Rule stated:

"All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. * * "

It is our opinion that the 1961 amendment to Rule 58(a) did not in any way modify or effect Criminal Rule 73 and the filing of the certified copy of the order together with the docketing thereof by the Clerk on 25 June 1963, did constitute the entry of judgment. It is noted, however, that none of the minute entry orders entered after 12 June 1963 have been reduced to writing and signed by the judge, this being a condition precedent to an appeal from such orders. Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907 (1965).

■ We need not decide whether or not reducing these orders to the form required by the amended Civil Rule 58(a) would have effected the eventual outcome of this litigation. We hold that as of the time of the hearing on the 22nd of January 1964 motion, it was abundantly clear that Hopwood was absent from this jurisdiction by reason of his own wrongful act. At the argument before this Court the dates of the commission of the crimes for which he was sentenced by the United States District Court in October 1963 were not seriously controverted. These dates do not appear of record in the trial court's proceedings. It is our opinion that this matter must be remanded with leave to prove the dates of the offenses and if these dates are subsequent to Hopwood's release on bond, then there will be an absence of a showing of reasonable cause for Hopwood's non-appearance and an absence of discretion available to the trial judge on such a showing. The Superior Court would then be "without jurisdiction to vacate, modify or suspend the judgment of forfeiture." Ronan. We do not herein pass upon the question of the presence or absence of jurisdiction in the Superior Court if it be established that the crime for which an absent defendant is being held was committed before he was released on the bond then in contention. Nor do we pass upon the effect of a finding of not guilty in relation to an act allegedly committed while the defendant was released on the bond then in contention. We express no opinion as to the effect of Hopwood's departure from the State and his subsequent return to the State in relation to whether or not this act on his part granted to the State the right to forfeit the undertaking. When a defendant is absent at the appointed time, the State has the right to a forfeiture and the burden of proof rests with the surety to show reasonable cause. Our observation with reference to establishing the date of the offenses does not change the burden of proof and relates to the obligation of the County Attorney to go ahead with the evidence.

■ We do not agree with the legal conclusions expressed by the trial judge in the 29 January 1965 order wherein the trial judge expressed the view that the rights of the surety should be governed by generally accepted practice and general understanding in relation to sureties and their business practices. Nor do we agree with the conclusion of the trial judge that the case of Ronan "was not intended to be effective retroactively". The case of Ronan declared the law of this state and did not create new law in this state. It clarified and eliminated a prior area of disagreement as to the exact status of the law. Nor do we agree with the trial court when he stated that at the time of this ruling the Superior Court "had lost all jurisdiction". First of all the several orders had not been reduced to writing and signed by the Judge and were, therefore, not appealable orders and, therefore, the time for appeal had not expired nor had the orders become final. Further, it will be remembered that by the express terms of the language of the order of the 10th day of July 1963, the matter of whether or not the forfeiture would eventually be entered was held open until ten days after the defendant's release from federal custody which constituted a retained jurisdiction to make a determination at some future indefinite date.

**262**

The surety urges that during the several hearings after the June 1963 non-appearance of Mr. Hopwood that it in good faith offered to surrender Mr. Hopwood to the custody of the State and that this offer in and of itself is a sufficient basis to either exonerate the bond or to justify the suspension of the forfeiture until after Hopwood's release. Criminal Rule 61 relates to the right of a surety to surrender a defendant and that Rule is as follows:

*"Surrender of defendant*

At any time before there has been a breach of the undertaking any surety may surrender the defendant, or the defendant may surrender himself, to the official to whose custody the defendant was committed at the time bail was taken, or to the official into whose custody the defendant would have been given had he been committed."

■ The surrender must be before the breach and must be an actual surrender not a mere offer. In this case if it be established that the crimes for which Hopwood is now serving federal time were committed on 16 May 1963, on the 7th of June 1963, or on any date after 5 May 1963, then the undertaking was breached and the State is entitled to the named penalty even should the State undertake those processes looking toward the return of Hopwood to Arizona for a trial.

It is the mandate of this Court that this matter be remanded to the Superior Court with directions to permit proof of the date or dates of the offenses for which Hopwood was confined in Leavenworth and if it be shown that either or both of said offenses was committed after Hopwood's 5 April 1963 release on bond and upon such showing, it is directed that the 12 June 1963 order of forfeiture and the 25 June 1963 entry of judgment both be reinstated and that all minute entry orders entered subsequent to the 25th day of June 1963 be vacated.

CAMERON and DONOFRIO, JJ., concur.