572 P.2d 122

**The STATE of Arizona, Appellee,**

v.

**Rodolfo ROCHA, Appellant.**

**No. 2 CA-CR 1090-2.**

Court of Appeals of Arizona, Division 2.

Nov. 28, 1977.

---

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Hirsh & Shiner, P. C. by Robert J. Hirsh, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from an order forfeiting appellant's bond. The record shows the following. On November 9, 1973, appellant was arrested for transportation of marijuana. Bond was originally set at $20,000 and then reduced to $10,000. Appellant signed a written release order which recited inter alia, that appellant would:

"(1) Appear to answer and submit himself to all further orders and processes of the court having jurisdiction of the case;

(2) Refrain from committing any criminal offense;

* * *"

Appellant posted $10,000 cash and was released pending trial. He was ultimately convicted and on January 10, 1975, the trial court sentenced him to a term of imprisonment in the Arizona State Prison and imposed a fine in the sum of $3,300. After the sentence was pronounced, the following conversation took place between the court, defense counsel and the prosecuting attorney:

"MR. HIRSH:

\* \* \* \* \* \*

We have talked about bail on appeal, and I talked to Mrs. Jenney about that earlier, and I think I talked to the Court. Earlier the Court indicated that the Court would be agreeable to $10,000 being bail on appeal. I don't know how the fine will affect that $10,000 that's already posted, but I would ask the Court at this time to avoid having him come down here for a hearing for bail, and we could set that now in the event, or have some arrangement now as to the appeal bond to avoid my coming down, having a litigated hearing on it.

I did talk to Mrs. Jenney the other day, and we had a discussion about this informally. Mrs. Jenney did say that she had no objection to a $10,000 bail being set as a bond on appeal.

What the Court would want to do with respect to the collection of the fine, I don't know.

THE COURT: What's your position on that, Mrs. Jenney?

MRS. JENNEY: Your Honor, of course, it's up to the Court, but if the Court sees fit, I have no objection if there is a bond set and if it's continued in the amount of $10,000. I would not object.

\* \* \* \* \* \*

THE COURT: What you are suggesting is that the State should be deprived of the right to collect this $3300 until after the appeal is over?

MR. HIRSH: Well, I am not making that suggestion to Your Honor. I honestly don't know what the law is. I would guess that would be up to the Court, and I would ask the Court to exercise its discretion in favor of the defendant. I might add that I would want to talk to Mr. Rocha about this matter before we go ahead with an appeal in any event, but in the event an appeal is taken, I would ask the Court if the Court has discretion to extend the time for paying the fine until the appeal is terminated, that the Court

exercise its discretion. I think the Court would have to because the judgment would be stayed in any event during the pendency of the appeal.

So I think that just thinking out loud on the matter, I think the Court would not be able to collect the fine in any event until the appeal is terminated, but that sounds right. I believe we wouldn't be able to start a sentence.

THE COURT: Yes, it sounds that way to me too.

You say you have no objections, Mrs. Jenney, to this defendant remaining out pending appeal?

MRS. JENNEY: Your Honor, what I mean is if the Court sees fit to do this I have no objection to the amount being $10,000. I don't know, but I think there should be some indication that there is going to be one.

　　*　　*　　*　　*　　*　　*

THE COURT: Is there anything further?

MR. HIRSH: Well, no, Your Honor. The matter of the bail and—

　　*　　*　　*　　*　　*　　*

THE COURT:

　　*　　*　　*　　*　　*　　*

How about this matter of letting this man out on this $10,000 bond and holding up the collection of that fine until there is conformance by the Court of Appeals?

MR. HIRSH: Well, it might be reversed. I am always optimistic.

MRS. JENNEY: I am not optimistic at all.

As far as Mr. Hirsh is concerned, I believe the Court has bent over backwards to do everything properly, and I have no doubt that the Court's actions will be affirmed.

However, whatever the Court feels as far as this.

THE COURT: Very well. It is the order of the Court directing the Clerk to delay collecting the fine until there has been a mandate from the Court of Appeals.

MR. HIRSH: That will be the Supreme Court, Your Honor.

THE COURT: All right.

The Court of Appeals or Supreme Court affirming the sentence imposed in this case conditioned upon an appeal being taken within a time required and allowed by law, and if no appeal is taken and prosecuted within 20 days as required by law, then the Clerk may collect the fine; and, of course, there will be an order for the sheriff to take him to the Arizona State Prison.

If there is an appeal.

MR. HIRSH: Very well, Your Honor.

THE COURT: That covers it I think, doesn't it?

MR. HIRSH: I think so, Your Honor.

THE COURT: Think so, Mrs. Jenney?

MRS. JENNEY: Yes, Your Honor."

Appellant was not taken into custody but was permitted to leave the courtroom, everyone understanding that he was to remain free on bond pending appeal. An appeal was taken and on May 27, 1975, this court affirmed the conviction. Appellant petitioned the Arizona Supreme Court for a review of our decision. On July 7, 1975, while the petition for review was still pending, appellant was arrested by federal authorities for committing a federal narcotic offense on that date. On November 5, 1975, appellant was convicted in the federal district court and taken into federal custody.

On November 14, 1975, after appellant's petition for review was denied, the trial court ordered appellant to submit himself to the custody of the Sheriff of Cochise County on or before November 20, 1975. Appellant's counsel informed the court that appellant was in federal custody and therefore was unable to surrender. His counsel also moved to exonerate the bond. The motion was taken under advisement and appellant submitted further memoranda. In the memorandum filed December 12, 1975, appellant set forth reasons why the bond should not be forfeited. In a memorandum filed March 1, 1976, he set forth further reasons why the bond should not be

forfeited. It is apparent from reading his memoranda that the court had indicated to appellant's counsel that at a hearing set for March 8, 1976, it would consider not only the motion to exonerate the bond, but also, whether the bond should be forfeited.

At the March 8, 1976, hearing appellant moved the court for the issuance of an order to show cause why the bond should not be forfeited. After the court directed the county attorney to secure a certified copy of the federal judgment of conviction and stated that if it had this document it could forfeit the bond, appellant withdrew his motion for an order to show cause. The court then delayed any ruling.

On March 9, 1976, the trial court notified counsel that a copy of the federal judgment of conviction had been filed. It was not until January 6, 1977 that the court denied the motion to exonerate and forfeited the sum of $6,700 on the grounds that appellant had committed a felony while out on bond pending appeal.

Appellant contends the forfeiture should be set aside because (1) it was unduly harsh, (2) there was no valid cash bond on appeal and (3) the trial court failed to follow Rule 7.6(d), Arizona Rules of Criminal Procedure. We are unable to agree with any of these contentions and therefore affirm.

Appellant maintains that the trial court's failure to issue an order expressly defining the terms of his release pending appeal rendered the bond forfeiture procedurally defective. Therefore, he argues that there was, in effect, no bond on appeal. This argument ignores the discussions between court and counsel which we have previously set forth. The clear intent of the court and counsel was that the pretrial bond and its written conditions of release were to continue on appeal.

As to his claim of undue harshness, appellant argues his inability to surrender was not his fault but was due to his incarceration by the federal authorities. This argument fails to recognize that a bond may be forfeited for violation of a condition of the bond. Rule 7.6(d). One of the conditions of appellant's bond was the mandatory condition of Rule 7.3(a)(2) that he not commit a criminal offense while out on bond. He clearly violated this condition.

In any event, his detention by the federal authorities was because of his own misconduct and is not excusable. *State ex rel. Ronan v. Superior Court In and For County of Maricopa*, 96 Ariz. 229, 393 P.2d 919 (1964); *United Bonding Insurance Co. v. State ex rel. Patrick*, 373 P.2d 64 (Okl.1962).

Rule 7.6(d) states:

"If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. . . ."

The purpose of the rule is to give the parties and any surety an opportunity to be heard. It is clear in this case that the opportunity was provided and appellant availed himself of it.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.