601 P.2d 331

**The STATE of Arizona,**
**Plaintiff-Appellee,**

v.

**SURETY INSURANCE COMPANY, and Dick Garcia dba Garcia Bail Bond, Attorney in Fact for Surety Insurance Company, Defendants-Appellants.**

**No. 1 CA–CIV 4240.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 21, 1979.

Rehearing Denied Sept. 14, 1979.

Review Denied Oct. 10, 1979.

Stewart & McLean, Ltd., by Michael L. Piccarreta, William H. McLean, Phoenix, for defendants-appellants.

Charles F. Hyder, Maricopa County Atty., by Roderick D. MacMillan, Phoenix, for plaintiff-appellee.

## OPINION

FROEB, Judge.

Stanley Cutwright was charged by complaint in the East Phoenix Justice Court as a fugitive from Montana. Following his arrest, Cutwright was released on an appearance bond furnished by Surety Insurance Company (Surety). Thereafter, Cutwright failed to appear in justice court for a hearing on September 9, 1977. Forfeiture proceedings in accordance with 17 A.R.S., Rules of Criminal Procedure, Rule 7.6 were brought by the State in the Maricopa County Superior Court against which Surety raised certain defenses hereafter discussed. The superior court entered judgment forfeiting the bond to the State. Surety appeals from that judgment. We affirm.

The bond involved here is a typical appearance bond, providing, in part:

We, Defendant, as principal, and the SURETY INSURANCE COMPANY, a California corporation, as Surety, hereby undertake that the said Defendant will appear and answer the charge above mentioned in whatever Court it may be prosecuted, and will at all times hold Himself amenable to the orders and process of the Court, and, if convicted, will appear for judgment, and render Himself

in execution thereof, or, if he fails to perform either of these conditions that he will pay to the STATE OF ARIZONA the sum of FIFTY SIX HUNDRED & ⁰⁰/₁₀₀ ($5600.00) Dollars.

Certain additional facts, undisputed by the State, are necessary to an understanding of Surety's arguments on appeal. After the bond was issued and filed, Cutwright telephoned a representative of the bondsman twice for permission to leave the state temporarily, but the bondsman denied the requests. On August 11, 1977, Cutwright, through his attorney, obtained, without notice to Surety, an order of the justice court allowing him to leave the state. Cutwright thereafter traveled to New Mexico, was arrested there as a fugitive from Montana, and was released the same day. The arrest and release occurred prior to the September 9, 1977, hearing in the Arizona justice of the peace court.

Surety's first argument is that the order granting Cutwright permission to leave the state altered, without its consent, Surety's obligations under the bond, thereby discharging it from liability. We do not agree that the obligations under the bond were altered. There is nothing in the bond prohibiting travel to another state. Surety and Cutwright agreed that Cutwright "will at all times hold himself amenable to the orders and process of the Court . . . ." This is not tantamount to a promise by the State that the court will not give him permission to leave the state. Although 17 A.R.S., Rules of Criminal Procedure, Rule 7.3(a)(3) provides that every release shall contain a provision that the defendant shall not leave the state, the rule also provides that the defendant may leave the state with permission of the court.[1] We hold that a court order pursuant to Rule 7.3(a)(3) authorizing travel to another state does not alter the bond so as to release the surety. To the contrary, we deem the potential of travel to another state with court permission to be "written into" the bond expressly

---

1. Rule 7.3(a)(3) provides:
   Every order of release under this rule shall contain the following conditions:

\* \* \* \* \* \*

(3) That he not depart the state without leave of court.

by Rule 7.3(a)(3). *See Detroit Fidelity & Surety Co. v. United States*, 36 F.2d 682 (6th Cir. 1930).

The fact that Cutwright unsuccessfully sought telephone permission from Surety to travel out of state is not relevant to this issue. *See State v. Pelley*, 222 N.C. 684, 24 S.E.2d 635 (1943). Cutwright did not need the permission of Surety; all he needed was the order of the court, which he obtained.

■ Surety next argues that the arrest of Cutwright as a fugitive in New Mexico released it from the bond. The argument is based on the principle that the rearrest of a defendant in the same state on the same charge discharges the surety. *Tyler v. Capitol Indemnity Insurance Co.*, 206 Md. 129, 110 A.2d 528 (1955); *State v. Gonzalez*, 69 N.J.Super. 283, 174 A.2d 209 (1961). *See also* 8 Am.Jur.2d *Bail and Recognizance*, § 185 and *Restatement of Security*, § 206(2). The rationale is that a defendant who is taken into custody by authorities in the jurisdiction and for the cause in which the bond is posted is available for court appearances and there is no longer a risk of nonappearance. This is not applicable to the facts here, however. Cutwright's arrest in New Mexico as a fugitive in no way assured that Cutwright would be available for his Arizona appearance. Surety's undertaking that Cutwright would appear ran to the State of Arizona and was not discharged by his arrest in New Mexico.

Surety does not argue here that Cutwright's arrest in New Mexico prevented Cutwright's appearance in Arizona, thereby excusing Surety. New Mexico neither kept Cutwright in custody beyond the time for his appearance in Arizona, nor did it extradite him to Montana. Instead, New Mexico released Cutwright the same day he was arrested, allowing adequate time for Cutwright to make his appearance in Arizona.

Judgment forfeiting the bond to the State affirmed.

DONOFRIO, Acting P. J., and SCHROEDER, J., concurring.