NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DENNIS P. WILLIAMS, as Third Party Surety, *Appellant*.

No. 1 CA-CV 15-0203
FILED 1-19-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-141763-001
The Honorable Casey J. Newcomb, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Dennis Williams, Scottsdale
*Appellant*

Maricopa County Attorney's Office, Phoenix
By Kimberley Felcyn
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

_____

**P O R T L E Y**, Judge:

¶1         Dennis Paul Williams ("Williams") appeals the judgment forfeiting an appearance bond.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2         Courtney Hamilton ("Hamilton") was arrested and charged with two felonies.  Williams posted a $6300 bail bond on her behalf on September 25, 2015.  The bond provided that it could be forfeited if Hamilton failed to appear at the November 4 hearing.

¶3         Hamilton failed to appear and the trial court issued a bench warrant for her arrest.  The court also set a bond-forfeiture hearing for January 27, 2015.  After the January hearing, the court ordered the bond forfeited because there was no reasonable cause for Hamilton's failure to appear.  Williams appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[2]

## DISCUSSION

¶4         Williams argues that the trial court erred because the bond should have been exonerated as a matter of law under A.R.S. § 13-3974.  Alternatively, he argues the court abused its discretion when it ordered the entire bond forfeited.[3]  Because "[t]he primary purpose of an appearance bond is to assure a defendant's appearance at the trial or other hearings,"

_____

[1] We review the facts in the light most favorable to sustaining the trial court's judgment forfeiting the appearance bond.  *State v. Old W. Bonding Co.*, 203 Ariz. 468, 471, ¶ 9, 56 P.3d 42, 45 (App. 2002).

[2] We cite to the current version of the statute unless otherwise noted.

[3] Williams also argues the Sherriff's Office's alleged refusal to accept custody of Hamilton constituted a breach of duty.  Because Williams makes that argument for the first time on appeal, it is untimely and waived.  *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18, 169 P.3d 120, 125 (App. 2007).

*State v. Garcia Bail Bonds*, 201 Ariz. 203, 208, ¶ 19, 33 P.3d 537, 542 (App. 2001), we review a forfeiture ruling for an abuse discretion, but consider de novo the court's interpretation of any statutes or rules governing bail bonds. *See id.* at 205, ¶ 5, 33 P.3d at 539; *Patterson v. Mahoney*, 219 Ariz. 453, 456, ¶ 9, 199 P.3d 708, 711 (App. 2008) ("When interpreting statutes and rules, we follow the principles of statutory construction.").

## A. Bond Exoneration under A.R.S. § 13-3974

**¶5**　　　　Williams first argues the bond should have been exonerated because he fulfilled his obligation as the surety by physically taking Hamilton to the Maricopa County Sheriff's Office located at the courthouse. We disagree.

**¶6**　　　　A defendant who posts an appearance bond as a condition of release under Arizona Rule of Criminal Procedure ("Rule") 7.3(b), can have the bond exonerated if, before the day the defendant is required to appear, the surety surrenders him or her into the custody of the sheriff of the county where the prosecution is pending. A.R.S. § 13-3974(A)(1); Ariz. R. Crim. P. 7.6(d)(2). Although "surrender" is not defined in the statute, we have determined that it means "the transfer of physical possession of a defendant into the custody of the State." *State v. Affordable Bail Bonds*, 198 Ariz. 34, 39, ¶ 21, 6 P.3d 339, 344 (App. 2000).

**¶7**　　　　At the hearing, Williams testified that he tried to turn Hamilton into "the sheriffs at the Maricopa east court" on October 18, but they refused to take her into custody. He argued that "any sheriff should have taken custody of her." The court disagreed and suggested that he should have taken her to the sheriff's central intake office or to the judge, asking the court to arrest her and relieve him from any further responsibility.

**¶8**　　　　Williams failed to take Hamilton to the appropriate location and surrender her into the sheriff's physical custody at any time before the November 4 hearing.[4] Consequently, the court did not err by finding he was not entitled to the exoneration of the bond.

---

[4] Williams unsuccessfully attempted to surrender Hamilton after the November 4 hearing. The attempt was untimely and could not have, as a matter of law, resulted in the complete exoneration of his bond because § 13-3974 provides that the defendant must be surrendered "*on or before* the day and time the defendant is ordered to appear." A.R.S. § 13-3974(A)(1) (emphasis added).

¶9        Williams also contends the bond should have been exonerated under *Taylor v. Taintor*, which held that "bail will be exonerated where the performance of the condition is rendered impossible by . . . the act of the law." 83 U.S. 366, 369 (1872). The condition Williams relies on – an impossibility caused by an act of law – does not apply here. In *Taylor*, the sureties could not produce the defendant because he had been tried, convicted, and sentenced to prison in Maine, and was unavailable to be produced in Fairfield County, Connecticut. *Id.* at 368-69. Here, Hamilton was not in jail in a different state or in any custody. Williams failed to properly surrender her into the physical custody of the Maricopa County Sheriff. As a result, *Taylor* is inapplicable. Therefore, the court did not err in its ruling.

## B. Full Forfeiture of the Bond

¶10       Williams also argues the court abused its discretion when it ordered the entire bond forfeited. We review the issue for an abuse of discretion. *See State v. Int'l Fid. Ins. Co.*, 238 Ariz. 22, 25, ¶ 7, 355 P.3d 624, 627 (App. 2015).

¶11       Once the condition of an appearance bond has been violated, the court must issue a bench warrant for the person's arrest and set a forfeiture hearing. Ariz. R. Crim. P. 7.6(c)(1). The court may then forfeit all or part of the appearance bond if "at the hearing, the violation is not explained or excused." Ariz. R. Crim. P. 7.6(c)(2).

¶12       Hamilton testified that she missed her November 4 hearing for two reasons. First, she had experienced drug-induced psychosis, which made her paranoid. Second, she was fearful because her public defender had told her she would go to prison if she attended the hearing. After listening to the testimony, the court determined that having "some anxiety" did not constitute good cause for missing a court date.

¶13       In determining how much of the bond to forfeit, the court can consider "the willfulness of the defendant's violation of the appearance bond," along with "the surety's effort and expense in locating and apprehending the defendant," and "any other mitigating or aggravating factors." *State v. Old W. Bonding Co.*, 203 Ariz. 468, 475, ¶ 26, 56 P.3d 42, 49

(App. 2002).[5] In addition to the other evidence presented at the hearing, the court also questioned Williams and learned that he owned his home "free and clear," had substantial savings, and had no major expenses. As a result, the court found no mitigating factors that warranted exonerating any portion of the bond.

**¶14** Based on the record before the trial court and because the decision to forfeit a bond, or some portion of it, is within the sound discretion of the court, we find no abuse of discretion. Accordingly, we affirm the forfeiture of the $6300 bond. *See In re Bond Forfeiture in Pima Cnty. Cause No. CR-20031154*, 208 Ariz. 368, 369, ¶ 4, 93 P.3d 1084, 1085 (App. 2004).

## CONCLUSION

**¶15** Based on the foregoing, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[5] We note that Williams had also posted two $900 bonds for Hamilton. After noting Williams' efforts to surrender Hamilton, the court exonerated both $900 bonds.