NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OCTAVIANO HARO-GALVEZ, third party surety, *Appellant.*

No. 1 CA-CV 18-0202
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No. CR2017-110891-002
The Honorable Thomas Kaipio, Judge *Pro Tempore*

**JUDGMENT VACATED; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Kimberly Felcyn
*Counsel for Appellee*

Kercsmar & Feltus PLLC, Scottsdale
By Gregory B. Collins
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1        Octaviano Haro-Galvez appeals from the superior court's order forfeiting the appearance bond he posted for his son, Jayro Haro-Lopez ("Defendant"). For the following reasons, we vacate the bond forfeiture and remand to the superior court with a direction to exonerate the bond.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2017, Defendant was charged in Maricopa County Superior Court with several felony offenses. On March 11, Haro-Galvez posted a $30,000 cash bond, and Defendant was released from custody. Immediately thereafter, Defendant was taken into federal custody on charges of "reentry of removed alien." Because Defendant was in federal custody, he failed to appear on April 7 at a hearing in the superior court. The superior court issued a bench warrant and set a bond forfeiture hearing. Defendant remained in federal custody until July 14, when he was returned to the custody of the State, where he has remained to date.

¶3        Haro-Galvez appeared to contest the forfeiture of the bond, requesting the superior court find that Defendant's non-appearance while in federal custody for a crime that pre-dated the charged Arizona offenses was excused. *See generally* Ariz. R. Crim. P. ("Rule") 7.6(c). Additionally, Haro-Galvez requested the bond be exonerated because Defendant was then in state custody. *See generally* Rule 7.6(d). After a hearing, the court denied both requests. Following entry of a judgment of bond forfeiture, Haro-Galvez timely appealed.

¶4        We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## ANALYSIS

¶5        The primary purpose of an appearance bond is to ensure a criminal defendant appears at court proceedings. *State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 9 (App. 2010) (citing *State v. Garcia Bail Bonds*, 201 Ariz. 203, 208, ¶ 19 (App. 2001)). We review *de novo* the interpretation of court rules and statutes. *E.g.*, *Cranmer v. State*, 204 Ariz. 299, 301, ¶ 8 (App. 2003) (citations omitted).

I.      *Forfeiture*

**¶6**          The superior court has discretion to forfeit all or part of an appearance bond if the defendant violates the bond and the violation is not excused. Rule 7.6(c). The court abuses its discretion by making an error of law or by making a discretionary ruling unsupported by the record. *MM&A Prods., LLC v. Yavapai-Apache Nation*, 234 Ariz. 60, 66, ¶ 18 (App. 2014); *see also Bail Bonds USA*, 223 Ariz. at 397, ¶ 10.

**¶7**          Haro-Galvez challenges the forfeiture of the appearance bond, arguing that, as a matter of law, Defendant's failure to appear on April 7, 2017, should be excused under Rule 7.6(c). We agree.

**¶8**          Although reasonable cause may excuse a failure to appear (and accordingly avoid bond forfeiture), a failure to appear based on incarceration does not necessarily establish reasonable cause. *State v. Rocha*, 117 Ariz. 294, 297 (App. 1977) (stating that the defendant's incarceration leading to his failure to appear "was because of his own misconduct and is not excusable"); *Garcia Bail Bonds*, 201 Ariz. at 206, ¶ 12 (stating the generally-accepted rule that "the surety is not entitled to relief [when] the defendant's inability to appear is the result of his own voluntary act in committing the second offense"). Such is not the case, however, when "an act of law" prevents the defendant's appearance. *Garcia Bail Bonds*, 201 Ariz. at 206, ¶ 12. As we have held, incarceration in a different jurisdiction *will* constitute reasonable cause for a defendant's failure to appear when (1) the crime for which the defendant is incarcerated was committed before the defendant's release on the bond and (2) the incarceration was the expected outcome of the defendant's release. *Bail Bonds USA*, 223 Ariz. at 398, ¶ 13 (citing *Garcia Bail Bonds*, 201 Ariz. at 205-07, ¶¶ 10-16).

**¶9**          In this case, Defendant was in federal custody at the time of the hearing based on actions occurring before his release (i.e., his illegal presence in the country), and federal incarceration was the expected outcome of his release on the bond. Therefore, under Arizona law, his nonappearance was involuntary and not "due to [his] own fault." *See id.* We note the State offers no meaningful argument to the contrary. *Compare Garcia Bail Bonds*, 201 Ariz. at 205-07, ¶¶ 10-16 (finding the defendant's failure to appear was excused because he was in custody in Colorado) *and Bail Bonds USA*, 223 Ariz. at 397-98, ¶¶ 12-13 (reversing forfeiture where the defendant was in federal custody on an immigration violation at the time of the missed hearing) *with In re Bond Forfeiture in Pima Cty. Cause No. CR-20031154*, 208 Ariz. 368, 370, ¶ 7 (App. 2004) (affirming forfeiture because the defendant had been deported prior to the missed hearing); *see also Bail*

*Bonds USA*, 223 Ariz. at 397-98, ¶ 12 ("This case is different from *Pima County Bond* because the defendant has not been deported, but remains in federal custody.").  On this basis, we conclude the superior court erred in finding Defendant's incarceration by federal authorities did not excuse his failure to appear on April 7, 2017.

> ## II.  Exoneration

**¶10**        An appearance bond must be exonerated if a defendant does not violate a condition of the bond.  *State v. Old W. Bonding Co.*, 203 Ariz. 468, 472-73, ¶ 17 (App. 2002).  And, if there has been no violation, and no further need for a bond, the court must exonerate the bond and return the security.  *See* Rule 7.6(d)(1).  Accordingly, Haro-Galvez argues the appearance bond should have been exonerated because Defendant's "violation" was involuntary as a matter of law and excused under Rule 7.6(c).  Further, because Defendant was immediately placed in State custody (where he remains to date) when removed from federal custody, there was no further need for the bond.  *See* Rule 7.6(d)(1).  Again, we agree. *See Garcia Bail Bonds*, 201 Ariz. at 207-08, ¶¶ 17-20.

**¶11**        The State argues that, pursuant to A.R.S. § 13-3974(A)(3), a surety is relieved from liability on a bond only if the defendant is transferred to the custody of another government agency and the surety establishes both that

> (a) The surety did not know and could not have reasonably known of the release or transfer or that a release or transfer was likely to occur[, and]

> (b) The defendant's failure to appear was a direct result of the release or transfer.

In this case, though, Haro-Galvez does not request that the bond be exonerated, because Defendant was not transferred to federal custody. Hence, we agree with Haro-Galvez that § 13-3974(A)(3) is inapplicable.

**¶12**        The State also argues that *Garcia Bail Bonds* can be distinguished because, in that case, the State authorized the defendant to leave Maricopa County to self-surrender in Colorado, 201 Ariz. at 208, ¶ 20; however, we note this distinction was not drawn in *Bail Bonds USA*, where—as here—the defendant "would not have been released into federal custody but for the Surety's act of posting bond," 223 Ariz. at 398, ¶ 13. Indeed, in *Bail Bonds USA*, the record reflected the defendant "was in federal custody on the day of her hearing and every day thereafter."  *Id.* at

¶ 16.    But there—unlike here—an appearance bond was still needed because the defendant remained in federal custody and the surety had not proven custody could be re-obtained. *Id.* at ¶¶ 15-16.

**CONCLUSION**

**¶13**        For the foregoing reasons, we vacate the judgment of bond forfeiture and remand to the superior court with a direction to exonerate the bond. We award costs to Haro-Galvez upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA

5